**E-FILED**
Friday, 05 March, 2010  04:52:09 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| WAYNE VOUGHT and JEANETTE VOUGHT, )<br>on behalf of themselves and a class of all )<br>other persons similarly situated, ) | Case No. |
| ) | |
| Plaintiffs, ) | Judge: |
| ) | |
| -vs- ) | **COMPLAINT** |
| ) | |
| BANK OF AMERICA, N.A., and ) | |
| BAC HOME LOANS SERVICING, LP, ) | **JURY DEMAND** |
| ) | **ENDORSED HEREON** |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

**NOW COME** Plaintiffs, WAYNE VOUGHT and JEANETTE VOUGHT, on behalf of themselves and a class of all other persons similarly situated (collectively "Plaintiffs"), by and through their attorneys, BOLEN, ROBINSON & ELLIS, LLP, and for their Complaint against Defendants, BANK OF AMERICA, N.A. ("Bank of America") and BAC HOME LOANS SERVICING, LP ("BAC Home Loans"), complain as follows:

## I.  NATURE OF THE ACTION

1.      This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure, Rule 23. Plaintiffs bring this action on behalf of all others similarly situated based on their own circumstances as representative members of the following proposed class (the "Class"): All individual persons who have, or did have, a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account, previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009, and whose August 2009 mortgage

1

payments were paid to Taylor, Bean and Whitaker, but are now not credited by BAC Home Loans or Bank of America. Specifically excluded from the proposed Class are the Court and its staff, Defendants, any entity in which any of the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries, and/or assigns of any such entity.

2.      Until approximately September 2009, Plaintiffs' home mortgage loan was held and serviced by Taylor, Bean & Whitaker, a wholesale mortgage lending firm which then had its principal office at Ocala, Florida.

3.      Plaintiffs' monthly mortgage loan payment was $1,110.45. On or about August 4, 2009, Plaintiffs mailed Taylor, Bean & Whitaker a check in the amount of $1,200.00 for their August 2009 loan payment. (Plaintiffs often paid additional sums towards their mortgage loan. Of the $1,200.00, $89.55 was to be applied as additional principal towards the amount owed on the mortgage loan). The check for $1,200.00 that Plaintiffs' mailed to Taylor, Bean & Whitaker cleared Plaintiffs' bank account on August 10, 2009.

4.      Later, on August 23, 2009, Plaintiffs received a 'Welcome' letter from Defendant Bank of America. Said letter stated that "[e]ffective September 1, 2009, the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from Taylor, Bean & Whitaker to BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A." Said letter also stated that "Taylor, Bean & Whitaker will stop accepting payments from you [on] August 05, 2009. The date that your new servicer, BAC Home Loans, will start accepting payments from you is August 06, 2009." A copy of said letter is attached hereto as Exhibit 1.

5.      On or about August 27, 2009, Bank of America issued a press release which was posted on its website. In the press release, Bank of America "assure[d] homeowners that during this transition if TBW [Taylor, Bean & Whitaker], rather than BAC Home Loans Servicing, receives a payment in timely fashion, no late fee or derogatory credit reporting will be imposed with respect to that payment and the payment will not be treated as late for any other purpose. This protection will remain in place through the October payment period." A copy of said press release is attached hereto as Exhibit 2.

6.      On information and belief, Plaintiffs' loan was acquired by Bank of America and/or BAC Home Loans for less than the face value of the loan.

7.      Since the time BAC Home Loans commenced servicing Plaintiffs' loan, Plaintiffs have received, and continue to receive, numerous 'dunning' letters and harassing phone calls notifying Plaintiffs that their account is delinquent (even though Plaintiffs made their August 2009 payment and all subsequent payments in a timely manner).

8.      Bank of America informed Plaintiffs that if they provided documentation proving that they mailed their August 2009 payment to Taylor, Bean and Whitaker and that Taylor, Bean and Whitaker subsequently cashed their August 2009 payment, Bank of America would advance the funds (and essentially credit their account) to bring their account current, rather than wait for Taylor, Bean and Whitaker's accounting to be reconciled.

9.      Plaintiffs' provided sufficient documentation and proof to Bank of America which showed that they mailed their August 2009 payment to Taylor, Bean and Whitaker and that Taylor, Bean and Whitaker subsequently cashed their August 2009 payment.

10.      A representative of Bank of America, acting on its behalf and as its agent, acknowledged that Plaintiffs had, in fact, mailed their August 2009 payment to Taylor, Bean and

Whitaker and that Taylor, Bean and Whitaker subsequently cashed their August 2009 payment; however, Bank of America failed to advance the funds or credit Plaintiffs' account so as to bring their account current.

11.     Bank of America and BAC Home Loans have willfully failed and refused, and continue to refuse, to credit Plaintiffs' account for the amount of the August 2009 payment, even though Defendants know Plaintiffs have already paid the August mortgage payment.

12.     Defendants' failure to credit Plaintiffs' account for the August 2009 payment has caused Plaintiffs to suffer a shortage in their escrow account and has created an inaccurate payoff amount on their mortgage loan with Defendants.

13.     Defendants are also assessing late fees against Plaintiffs' account for their alleged failure to pay their August 2009 mortgage loan payment in a timely fashion, even though Defendants know Plaintiffs' August payment was already made.

## II.      JURISDICTION AND VENUE

14.     This Court has jurisdiction over the Defendants and the claims asserted against the Defendants because Defendants' transacted substantial business in the State of Illinois out of which this cause of action arose, committed tortious acts within the State of Illinois, and have sufficient contacts with the State of Illinois or otherwise intentionally availed themselves of the rights and privileges of the State of Illinois, so as to expect to be hailed into a Court of this State.

15.     Jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. §1332(d), as the class members and defendants are from different states and the amount in controversy exceeds Five Million Dollars ($5,000,000.00).

16.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred in the Central District of Illinois.

17.     This action is ripe for adjudication.

### III.     THE PARTIES

18.     At all relevant times hereto, Plaintiff and class representative, Wayne Vought, was over eighteen (18) years of age and a citizen of Decatur, Macon County, Illinois. Mr. Vought has a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account, previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009. His August 2009 mortgage payment was paid to Taylor, Bean and Whitaker, but has not been credited by BAC Home Loans or Bank of America.

19.     At all relevant times hereto, Plaintiff and class representative, Jeanette Vought, was over eighteen (18) years of age and a citizen of Decatur, Macon County, Illinois. Mrs. Vought has a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account, previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009. Her August 2009 mortgage payment was paid to Taylor, Bean and Whitaker, but has not been credited by BAC Home Loans or Bank of America.

20.     Defendant, Bank of America, N.A., a Delaware Corporation, is a financial holding company with its principal office in Charlotte, North Carolina.

21.     Defendant, BAC Home Loans Servicing, LP, a limited partnership formed in Texas, is a subsidiary of Bank of America, N.A.

## IV.    CLASS ALLEGATIONS

22.    Plaintiffs bring this action and each of their claims on behalf of themselves and as representatives of a class of all other persons who currently have, or did have, a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account, previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009, and whose August 2009 mortgage payments were paid to Taylor, Bean and Whitaker, but are now not credited by BAC Home Loans or Bank of America.

23.    Upon information and belief, at all times relevant hereto Bank of America oversaw and controlled the daily operations of its subsidiary, BAC Home Loans.

24.    Upon information and belief, Bank of America is liable for any actions or omissions of its subsidiary, BAC Home Loans.

25.    Members of the class are readily ascertainable by Defendants, but not by Plaintiffs. Approximately 180,000 Ginnie Mae securitized mortgage accounts previously serviced by Taylor, Bean and Whitaker were assigned, sold or transferred to BAC Home Loans nationwide. On information and belief, a substantial number of the approximately 180,000 Ginnie Mae securitized mortgage accounts pertain to loans for persons who currently have, or did have, a residential loan for Illinois property; and, the members of the class are so numerous that joinder is impractical.

26.    The common question of fact and law is the extent of BAC Home Loan's and Bank of America's liability for (a) failing to credit each class members' account for the August 2009 mortgage loan payment made to Taylor, Bean & Whitaker within sixty (60) days from the date the Ginnie Mae securitized mortgage account was assigned, sold or transferred from Taylor,

Bean & Whitaker to BAC Home Loans and (b) for charging each class member late fees even though BAC Home Loans and Bank of America knew the August 2009 mortgage loan payment was made to Taylor, Bean & Whitaker.

27.    The claims made by Plaintiffs are typical of the claims of other members of the class, and joinder will serve the goals of judicial economy.

28.    Plaintiffs will adequately represent the interests of the class, and Plaintiffs' attorneys, the law firm of BOLEN, ROBINSON & ELLIS, LLP, have substantial class action experience and will fairly and adequately represent the interests of the class.

29.    A class action is a superior and appropriate means for the fair and efficient adjudication of the controversy between the parties because the prosecution of such separate actions, even if feasible, would create a substantial risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants or incompatible remedies for Plaintiffs and class members, and because a large number of independent actions would be cumbersome, inefficient and impractical.

## V.    CLAIMS AGAINST BANK OF AMERICA, N.A.

### COUNT I
### BREACH OF THE ILLINOIS CONSUMER FRAUD
### AND DECEPTIVE BUSINESS PRACTICES ACT

1-29.   Plaintiffs Wayne Vought and Jeanette Vought repeat and re-allege Paragraphs 1-29 above, as and for Paragraphs 1-29 of Count I against Bank of America, as if said allegations were set forth expressly herein.

30.    At all times material hereto, there has been in effect in the State of Illinois a certain statute known as the Illinois Consumer Fraud and Deceptive Business Practices Act ("the

Act"), set forth as Chapter 815, Act 505 of the Illinois Compiled Statutes, which provides in pertinent part, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damage thereby . . ." *See* 815 ILCS 505/2.

31.   Bank of America's failure to credit Plaintiffs' account for the amount of the August 2009 payment and assessment of late fees when Plaintiffs were in full compliance with the repayment terms of their mortgage loan is an "unfair business practice" under the Act.

32.   Bank of America's act of issuing a press release stating that no late fee or derogatory credit reporting would be imposed with respect to any payment made in a timely fashion to Taylor, Bean & Whitaker during the transition period is a "deceptive" practice under the Act. This representation became false and fraudulent later when Bank of America assessed Plaintiffs late fees even though Bank of America knew Plaintiffs' payments were timely made to Taylor, Bean & Whitaker in good faith during the transition period.

33.   Bank of America's act of informing Plaintiffs that it would advance the funds to bring their account current if Plaintiffs provided documentation proving that they mailed their August 2009 payment to Taylor, Bean and Whitaker and that Taylor, Bean and Whitaker subsequently cashed their August 2009 payment is a "deceptive" practice under the Act. This representation became false and fraudulent when Bank of America failed to advance the funds or credit Plaintiffs' account after Plaintiffs provided Bank of America documentation proving that

they had mailed their August 2009 payment to Taylor, Bean and Whitaker and that Taylor, Bean and Whitaker subsequently cashed their August 2009 payment.

34.     At all times material hereto, it was reasonably foreseeable that Plaintiffs, and others similarly situated, would rely on the false and fraudulent statements made by Bank of America. Said reliance has caused Plaintiffs, and others similarly situated, to be damaged.

35.     The actions of Bank of America were done willfully, intentionally and with reckless disregard for harm that would be caused to Plaintiffs, and others similarly situated, and Defendant's conduct warrants imposition of exemplary damages to deter Defendant, and others in similar circumstances, from committing such actions in the future.

**WHEREFORE,** Plaintiffs Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated, pray that this Court enter judgment in their favor and against the Defendant Bank of America, N.A. as follows:

(a) to certify a class consisting of all persons that have, or did have, a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009, where the mortgagor had already made their August 2009 payment to Taylor, Bean & Whitaker;

(b) for judgment against Defendant Bank of America for consumer fraud and deceptive business practices with an award to Plaintiffs, and all others similarly situated, of an amount equal to their August 2009 payment plus any late fees or other assessments by Defendant Bank of America to date regarding the August 2009 payment;

(c)  for an award of prejudgment interest at a rate determined by this Court;

(d)  for an award of interest at the statutory rate of 9% per annum from the date of judgment;

(e)  for an award of Plaintiffs' reasonable attorneys' fees and costs in bringing this action, pursuant to the Act;

(f)  for punitive damages; and

(g)  for such other and further relief as deemed just and proper by this Court.

## COUNT II
## BREACH OF CONTRACT

1-29.  Plaintiffs Wayne Vought and Jeanette Vought repeat and re-allege Paragraphs 1-29 above, as and for Paragraphs 1-29 of Count II against Bank of America, as if said allegations were set forth expressly herein.

30.   On information and belief, Plaintiffs entered into a contract with Taylor, Bean & Whitaker, or another mortgage loan servicer which in turn sold and/or assigned said loan to Taylor, Bean & Whitaker, in which Taylor, Bean & Whitaker, or another mortgage loan servicer, agreed to provide to Plaintiffs a residential mortgage loan in exchange for Plaintiffs' promise to pay a fixed sum each month for the life of the loan.

31.   Said contract became a valid and enforceable agreement between Plaintiffs and Defendant Bank of America when Plaintiffs' loan with Taylor, Bean & Whitaker was assigned, sold or transferred to BAC Home Loans.

32.   Plaintiffs paid their August 2009 mortgage loan payment within sixty (60) days from the date their loan was transferred from Taylor, Bean & Whitaker to BAC Home Loans and have made all subsequent payments to BAC Home Loans in a timely fashion.

10

33.     Plaintiffs have performed all of their duties and obligations under the agreement formed by the parties.

34.     Although Plaintiffs fulfilled their duties and obligations under the agreement formed by the parties, Bank of America has failed to credit Plaintiffs' account for the August 2009 mortgage loan payment made to Taylor, Bean & Whitaker and has assessed late fees to Plaintiffs' account even though their August 2009 mortgage loan payment, and all subsequent loan payments, were made in a timely fashion.

35.     As a result of Bank of America's failure to fulfill its duties and obligations under the agreement, Bank of America has breached the underlying contract.

36.     As a direct and proximate result of Bank of America's breach of contract, Plaintiffs have the following losses and/or damages: (a) loss of credit for the $1,200 August 2009 payment; (b) late fees erroneously assessed by Bank of America; and (c) a shortage in their escrow account for payment of real estate taxes.

**WHEREFORE,** Plaintiffs Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated, pray that this Court enter judgment in their favor and against the Defendant Bank of America, N.A., as follows:

(a) to certify a class consisting of all persons that have, or did have, a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009, where the mortgagor had already made their August 2009 payment to Taylor, Bean & Whitaker;

(b) to declare that Defendant Bank of America breached the mortgage contract, and to award Plaintiffs, and all others similarly situated, an amount equal to their August 2009 payment, plus any late fees and other assessment wrongfully levied by Defendant Bank of America to date;

(c) for an award of prejudgment interest at a rate determined by this Court;

(d) to award interest at the statutory rate of 9% per annum from the date of judgment; and

(e) for such other and further relief as deemed just and proper by this Court.

**COUNT III**
**UNJUST ENRICHMENT**

1-29.    Plaintiffs Wayne Vought and Jeanette Vought repeat and re-allege Paragraphs 1-29 above, as and for Paragraphs 1-29 of Count III against Bank of America, as if said allegations were set forth expressly herein.

30.    By failing to credit Plaintiffs' account for the August 2009 mortgage loan payment and assessing Plaintiffs late fees even though the August 2009 mortgage loan payment, and all subsequent payments, have been made in a timely fashion, Bank of America has received the benefit of collecting unwarranted fees and costs from Plaintiffs in excess of the amount Plaintiffs actually owe Bank of America.

31.    The benefit that Bank of America has received has directly resulted in a detriment to Plaintiffs because Plaintiffs have (a) suffered an incorrect payoff amount on their mortgage loan in the amount of $1,200.00; (b) incurred late fees that have been erroneously assessed upon Plaintiffs by Bank of America; and (c) incurred a shortage in their escrow account which said funds are necessary to pay Plaintiffs' county tax bill.

32.     Bank of America's retention of that benefit violates the principles of justice, equity, and good conscience.

**WHEREFORE,** Plaintiffs Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated, pray that this Court enter judgment in their favor and against the Defendant Bank of America, N.A. as follows:

    (a) to certify a class consisting of all persons that have, or did have, a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009, where the mortgagor had already made their August 2009 payment to Taylor, Bean & Whitaker;

    (b) to enter judgment against Defendant Bank of America for unjust enrichment and award Plaintiffs, and all persons similarly situated, an amount equal to their August 2009 payment, plus any late fees assessed by Defendant Bank of America to date;

    (c) for an award of prejudgment interest at a rate determined by this Court;

    (d) for an award of interest at the statutory rate of 9% per annum from the date of judgment; and

    (e) For such other and further relief as deemed just and proper by this Court.

## COUNT IV
## INJUNCTIVE RELIEF

1-29.   Plaintiffs Wayne Vought and Jeanette Vought repeat and re-allege Paragraphs 1-29 above, as and for Paragraphs 1-29 of Count IV against Bank of America, as if said allegations were set forth expressly herein.

30.     The Plaintiffs' possess a clearly ascertainable right in need of protection, namely that Bank of America (a) credit Plaintiffs' account for the August 2009 payment; (b) reimburse Plaintiffs for any erroneously assessed late fees already paid or remove any erroneously assessed late fees from Plaintiffs' account that remain unpaid; and (c) correct Plaintiffs' escrow account.

31.     Plaintiffs may be without an adequate remedy at law, rendering injunctive relief appropriate in that damages may not adequately compensate Plaintiffs for the injuries suffered, nor may other claims permit such relief.

32.     Unless injunctive relief is granted, Bank of America will (a) continue to subject Plaintiffs to an inaccurate loan payoff amount; (b) continue to erroneously assess late fees upon Plaintiffs; and (c) continue to subject Plaintiffs to an escrow shortage.

33.     Plaintiffs will suffer irreparable harm as a result of Bank of America's continued practices.

**WHEREFORE,** Plaintiffs Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated, pray that this Court enter judgment in their favor and against the Defendant Bank of America, N.A. as follows:

> (a) An injunction preventing Defendant Bank of America from assessing Plaintiffs, and all persons similarly situated, additional late fees related to their August 2009 mortgage loan payment;

> (b) An injunction requiring Defendant Bank of America to credit Plaintiffs', and all persons similarly situated, account for the amount of the August 2009 payment made to Taylor, Bean & Whitaker;

> (c) An injunction requiring Defendant Bank of America to provide Plaintiffs, and all persons similarly situated, with a corrected loan payoff balance reflecting

14

the credited amount of the August 2009 payment made to Taylor, Bean &
Whitaker; and

(d) For such other and further relief as deemed just and proper by this Court.

## VI.    CLAIMS AGAINST BAC HOME LOANS SERVICING, LP

### COUNT I
### BREACH OF THE ILLINOIS CONSUMER FRAUD
### AND DECEPTIVE BUSINESS PRACTICES ACT

1-29.    Plaintiffs Wayne Vought and Jeanette Vought repeat and re-allege Paragraphs 1-
29 above, as and for Paragraphs 1-29 of Count I against BAC Home Loans, as if said allegations
were set forth expressly herein.

30.    At all times material hereto, there has been in effect in the State of Illinois a
certain statute known as the Illinois Consumer Fraud and Deceptive Business Practices Act ("the
Act"), set forth as Chapter 815, Act 505 of the Illinois Compiled Statutes, which provides in
pertinent part, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including
> but not limited to the use or employment of any deception fraud, false pretense,
> false promise, misrepresentation or the concealment, suppression or omission of
> any material fact . . . in the conduct of any trade or commerce are hereby declared
> unlawful whether any person has in fact been misled, deceived or damage thereby
> . . ." *See* 815 ILCS 505/2.

31.    BAC Home Loan's failure to credit Plaintiffs' account for the amount of the
August 2009 payment and assessment of late fees when Plaintiffs were in full compliance with
the repayment terms of their mortgage loan is an "unfair business practice" under the Act.

32.     The act of BAC Home Loan's parent company, Bank of America, issuing a press release stating that no late fee or derogatory credit reporting would be imposed with respect to any payment made in a timely fashion to Taylor, Bean & Whitaker during the transition period is a "deceptive" practice under the Act. This representation became false and fraudulent later when BAC Home Loans assessed Plaintiffs late fees even though BAC Home Loans knew Plaintiffs' payments were timely made to Taylor, Bean & Whitaker in good faith during the transition period.

33.     The act of BAC Home Loan's parent company, Bank of America, informing Plaintiffs that it would advance the funds to bring their account current if Plaintiffs provided documentation proving that they mailed their August 2009 payment to Taylor, Bean and Whitaker and that Taylor, Bean and Whitaker subsequently cashed their August 2009 payment is a "deceptive" practice under the Act. This representation became false and fraudulent when BAC Home Loans and/or Defendant Bank of America failed to advance the funds or credit Plaintiffs' account after Plaintiffs provided Defendant Bank of America documentation proving that they had mailed their August 2009 payment to Taylor, Bean and Whitaker and that Taylor, Bean and Whitaker subsequently cashed their August 2009 payment.

34.     At all times material hereto, it was reasonably foreseeable that Plaintiffs, and others similarly situated, would rely on the false and fraudulent statements made by BAC Home Loans and/or Defendant Bank of America. Said reliance has caused Plaintiffs, and others similarly situated, to be damaged.

35.     The actions of BAC Home Loans were done willfully, intentionally and with reckless disregard for harm that would be caused to Plaintiffs, and others similarly situated, and

BAC Home Loan's conduct warrants imposition of exemplary damages to deter BAC Home Loans, and others in similar circumstances, from committing such actions in the future.

**WHEREFORE,** Plaintiffs Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated, pray that this Court enter judgment in their favor and against the Defendant BAC Home Loans Servicing, LP as follows:

(a) to certify a class consisting of all persons that have, or did have, a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009, where the mortgagor had already made their August 2009 payment to Taylor, Bean & Whitaker;

(b) for judgment against Defendant BAC Home Loans for consumer fraud and deceptive business practices with an award to Plaintiffs, and all others similarly situated, of an amount equal to their August 2009 payment plus any late fees or other assessments by Defendant BAC Home Loans to date regarding the August 2009 payment;

(c) for an award of prejudgment interest at a rate determined by this Court;

(d) for an award of interest at the statutory rate of 9% per annum from the date of judgment;

(e) for an award of Plaintiffs' reasonable attorneys' fees and costs in bringing this action, pursuant to the Act;

(f) for punitive damages; and

(g) for such other and further relief as deemed just and proper by this Court.

## COUNT II
## <u>BREACH OF CONTRACT</u>

1-29.   Plaintiffs Wayne Vought and Jeanette Vought repeat and re-allege Paragraphs 1-29 above, as and for Paragraphs 1-29 of Count II against BAC Home Loans, as if said allegations were set forth expressly herein.

30.   On information and belief, Plaintiffs entered into a contract with Taylor, Bean & Whitaker, or another mortgage loan servicer which in turn sold and/or assigned said loan to Taylor, Bean & Whitaker, in which Taylor, Bean & Whitaker, or another mortgage loan servicer, agreed to provide to Plaintiffs a residential mortgage loan in exchange for Plaintiffs' promise to pay a fixed sum each month for the life of the loan.

31.   Said contract became a valid and enforceable agreement between Plaintiffs and Defendant BAC Home Loans when Plaintiffs' loan with Taylor, Bean & Whitaker was assigned, sold or transferred to BAC Home Loans.

32.   Plaintiffs paid their August 2009 mortgage loan payment within sixty (60) days from the date their loan was transferred from Taylor, Bean & Whitaker to BAC Home Loans and have made all subsequent payments to BAC Home Loans in a timely fashion.

33.   Plaintiffs have performed all of their duties and obligations under the agreement formed by the parties.

34.   Although Plaintiffs fulfilled their duties and obligations under the agreement formed by the parties, BAC Home Loans has failed to credit Plaintiffs' account for the August 2009 mortgage loan payment made to Taylor, Bean & Whitaker and has assessed late fees to Plaintiffs' account even though their August 2009 mortgage loan payment, and all subsequent loan payments, were made in a timely fashion.

35.     As a result of BAC Home Loan's failure to fulfill its duties and obligations under the agreement, BAC Home Loans has breached the underlying contract.

36.     As a direct and proximate result of BAC Home Loan's breach of contract, Plaintiffs have the following losses and/or damages:  (a) loss of credit for the $1,200 August 2009 payment; (b) late fees erroneously assessed by BAC Home Loans; and (c) a shortage in their escrow account for payment of real estate taxes.

**WHEREFORE,** Plaintiffs Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated, pray that this Court enter judgment in their favor and against the Defendant BAC Home Loans Servicing, LP as follows:

(a) to certify a class consisting of all persons that have, or did have, a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1, 2009, where the mortgagor had already made their August 2009 payment to Taylor, Bean & Whitaker;

(b) to declare that Defendant BAC Home Loans breached the mortgage contract, and to award Plaintiffs, and all others similarly situated, an amount equal to their August 2009 payment, plus any late fees and other assessment wrongfully levied by Defendant BAC Home Loans to date;

(c) for an award of prejudgment interest at a rate determined by this Court;

(d) to award interest at the statutory rate of 9% per annum from the date of judgment; and

(e) for such other and further relief as deemed just and proper by this Court.

## COUNT III
## <u>UNJUST ENRICHMENT</u>

1-29.   Plaintiffs Wayne Vought and Jeanette Vought repeat and re-allege Paragraphs 1-29 above, as and for Paragraphs 1-29 of Count III against BAC Home Loans, as if said allegations were set forth expressly herein.

30.   By failing to credit Plaintiffs' account for the August 2009 mortgage loan payment and assessing Plaintiffs late fees even though the August 2009 mortgage loan payment, and all subsequent payments, have been made to BAC Home Loans in a timely fashion, BAC Home Loans has received the benefit of collecting unwarranted fees and costs from Plaintiffs in excess of the amount Plaintiffs actually owe BAC Home Loans.

31.   The benefit that BAC Home Loans has received has directly resulted in a detriment to Plaintiffs because Plaintiffs have (a) suffered an incorrect payoff amount on their mortgage loan in the amount of $1,200.00; (b) incurred late fees that have been erroneously assessed upon Plaintiffs by BAC Home Loans; and (c) incurred a shortage in their escrow account which said funds are necessary to pay Plaintiffs' county tax bill.

32.   BAC Home Loan's retention of that benefit violates the principles of justice, equity, and good conscience.

**WHEREFORE,** Plaintiffs Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated, pray that this Court enter judgment in their favor and against the Defendant BAC Home Loans Servicing, LP as follows:

(a) to certify a class consisting of all persons that have, or did have, a residential mortgage loan for an Illinois situated property whose Ginnie Mae securitized mortgage account previously serviced by Taylor, Bean and Whitaker was assigned, sold or transferred to BAC Home Loans, effective September 1,

2009, where the mortgagor had already made their August 2009 payment to
Taylor, Bean & Whitaker;

(b) to enter judgment against Defendant BAC Home Loans for unjust enrichment
and award Plaintiffs, and all persons similarly situated, an amount equal to
their August 2009 payment, plus any late fees assessed by Defendant BAC
Home Loans to date;

(c) for an award of prejudgment interest at a rate determined by this Court;

(d) for an award of interest at the statutory rate of 9% per annum from the date of
judgment; and

(e) For such other and further relief as deemed just and proper by this Court.

## COUNT IV
## INJUNCTIVE RELIEF

1-29.   Plaintiffs Wayne Vought and Jeanette Vought repeat and re-allege Paragraphs 1-
29 above, as and for Paragraphs 1-29 of Count IV against BAC Home Loans, as if said
allegations were set forth expressly herein.

30.   The Plaintiffs' possess a clearly ascertainable right in need of protection, namely
that BAC Home Loans (a) credit Plaintiffs' account for the August 2009 payment; (b) reimburse
Plaintiffs for any erroneously assessed late fees already paid or remove any erroneously assessed
late fees from Plaintiffs' account that remain unpaid; and (c) correct Plaintiffs' escrow account.

31.   Plaintiffs may be without an adequate remedy at law, rendering injunctive relief
appropriate in that damages may not adequately compensate Plaintiffs for the injuries suffered,
nor may other claims permit such relief.

21

32.     Unless injunctive relief is granted, BAC Home Loans will (a) continue to subject Plaintiffs to an inaccurate loan payoff amount; (b) continue to erroneously assess late fees upon Plaintiffs; and (c) continue to subject Plaintiffs to an escrow shortage.

33.     Plaintiffs will suffer irreparable harm as a result of BAC Home Loan's continued practices.

**WHEREFORE,** Plaintiffs Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated, pray that this Court enter judgment in their favor and against the Defendant BAC Home Loans Servicing, LP as follows:

(a) An injunction preventing Defendant BAC Home Loans from assessing Plaintiffs, and all persons similarly situated, additional late fees related to their August 2009 mortgage loan payment;

(b) An injunction requiring Defendant BAC Home Loans to credit Plaintiffs', and all persons similarly situated, account for the amount of the August 2009 payment made to Taylor, Bean & Whitaker;

(c) An injunction requiring Defendant BAC Home Loans to provide Plaintiffs, and all persons similarly situated, with a corrected loan payoff balance reflecting the credited amount of the August 2009 payment made to Taylor, Bean & Whitaker; and

(d) For such other and further relief as deemed just and proper by this Court.

## JURY DEMAND
## PLAINTIFFS DEMAND TRIAL BY JURY

Dated: March 5, 2010

Wayne Vought and Jeanette Vought, on
behalf of themselves and a class of all other
persons similarly situated

By: /s/ Christopher M. Ellis
Jon D. Robinson, ARDC No. 2356678
Christopher M. Ellis, ARDC No. 6274872
Shane M. Mendenhall, ARDC No. 6297182
Bolen, Robinson & Ellis, LLP
202 South Franklin Street, 2nd Floor
Decatur, Illinois 62523
Telephone: 217.429.4296
Facsimile: 217.329.0034
Email: jrobinson@brelaw.com
        cellis@brelaw.com
        smendenhall@brelaw.com

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

(b)  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:     ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.     Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.