**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| WAYNE VOUGHT, on behalf of himself and a class of all other persons similarly situated, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-2052 |
| v. | ) ) | |
| BANK OF AMERICA, NA, and BAC Home Loans Servicing LP, | ) ) ) | |
| Defendants. | ) | |

# ORDER

On October 11, 2012, Chris D. Risener and Lacrista Bagley filed a Motion to Consolidate and Be Appointed Class Representatives and Their Attorney Gregg G. Renegar as Additional Class Counsel (#121).  Risener and Bagley, who objected to the Settlement Agreement that this Court ultimately rejected in early October, move, pursuant to Federal Rule of Civil Procedure 42, to consolidate a case currently pending in the United States District Court for the Western District of Oklahoma, CIV-10-1110-R ("the Oklahoma case"), in which they are purported class representatives, with this case.

Both the named Plaintiffs in this case and Defendant Bank of America have filed responses in opposition (#122, 127), arguing that Rule 42 does not permit a district court to consolidate out-of-district cases and that, even if it did, consolidation of this case with the Oklahoma case would waste time and money, as the parties in this case have spent many months reviewing discovery and negotiating a settlement, while the Oklahoma parties have not yet begun discovery.  This Court permitted Risener and Bagley to file a Reply in support of their Motion to Consolidate (#130).  In their Reply, Risener and Bagley appear to recognize that Rule 42 is not a proper procedural vehicle for consolidating these cases and, instead, suggest that

the Court transfer their case from the Western District of Oklahoma to this district, under 28 U.S.C. § 1404. Risener and Bagley maintain that consolidation would save judicial resources by eliminating duplicative court activity.[1]

By its plain language, Rule 42 does not permit a district court to consolidate an out-of-district case with an in-district case. *See* FED. R. CIV. P. 42(a)(2) ("If actions *before the court* involve a common question of law or fact, the court may . . . consolidate the actions[.]" (emphasis added)); *see also Cummings v. Conglobal Indus., Inc.*, No. 07-CV-409-TCK-SAJ, 2008 WL 656000, at *2 (N.D. Okla. Mar. 6, 2008) ("[T]he plain language of Rule 42(a) indicate that both cases must be pending before the same court in order for consolidation to be proper . . . ."). Furthermore, 28 U.S.C. § 1404(a) permits a district court to transfer an action currently pending before it to another court, not pluck a case from another district at will. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action *to* any other district or division where it might have been brought or to any district or division to which all parties have consented." (emphasis added)).

Neither of the procedural devices identified by Risener and Bagley permit this Court to do what they request. Moreover, the opposition of both the named Plaintiffs and Defendant Bank of America convinces the Court that, even if procedurally possible, consolidation would not promote judicial efficiency or be in the interests of justice.

---

[1] Risener and Bagley also note that this Court previously "consolidated" this case with two out-of-district cases from the Eastern District of Pennsylvania and the Southern District of Ohio, and argue that the Court should do the same with their case. However, what actually occurred is that the parties stipulated that Vought would file an Amended Complaint, adding as plaintiffs those out-of-district plaintiffs, and that the out-of-district plaintiffs would dismiss their cases. (#27, 28.) The Court did not consolidate the cases under Rule 42 or § 1404.

Therefore, Chris D. Risener and Lacrista Bagley's Motion to Consolidate and Be Appointed Class Representatives and Their Attorney Gregg G. Renegar as Additional Class Counsel **(#121)** is **DENIED**.

ENTERED this 20th day of November, 2012.

                                                s/DAVID G. BERNTHAL
                                        UNITED STATES MAGISTRATE JUDGE