## AMENDMENT TO SETTLEMENT AGREEMENT

This Amendment to Settlement Agreement is made and entered into as of December 18, 2012 between (a) plaintiffs Jeanette Vought, Mark Skutack, Daneen Skutack, and Roger E. Frock on behalf of themselves and the Settlement Classes, [1] and (b) defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P.

## RECITALS

WHEREAS, on or about January 5, 2012, the Parties entered into a Settlement Agreement, which is attached hereto as Exhibit A;

WHEREAS, on May 24, 2012, the Parties each filed a Motion for Final Approval of Settlement, and, on May 31, 2012, the Court held a final fairness hearing;

WHEREAS, on October 4, 2012, the Court entered an Order denying the motions for final approval of settlement and ordered the parties to further mediation with Judge David G. Bernthal;

WHEREAS, on November 19, 2012, the Parties participated in further mediation with Judge Bernthal, and, upon conclusion of the mediation, Judge Bernthal reported to Judge Michael P. McCuskey that an agreement to amend the settlement had been reached;

WHEREAS, the Parties' agreement to amend the settlement provides that the Defendant will contribute up to an additional $500,000 in settlement consideration to be distributed in accordance with the terms of the Settlement Agreement and this Amendment pro-rata to Class Members;

NOW THEREFORE, pursuant to Section 6.11 of the Settlement Agreement, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged herein, Plaintiffs, for themselves and as representatives of the Settlement Classes, and Defendant agree, subject to the approval by the Court of the Settlement, to amend the Settlement Agreement as follows:

## I.    DEFINITIONS

1.06    "Claims Consideration"

*Section 1.06 of the Settlement Agreement shall be amended by adding the following paragraph:*

---

[1] Capitalized terms used in this Amendment to Settlement Agreement, including the Recitals, shall, unless otherwise so defined, have the meanings set forth in Section I of the Settlement Agreement (attached hereto as Exhibit A).

Claims Consideration also includes the funds to be paid to each Class Member who is not a Successful Opt-Out in the amount to be determined as follows: $500,000, less the amount provided to Class Members submitting Valid Claims Forms in accordance with Section 1.06(a) of the Settlement Agreement, divided by the number of Class Members who are not Successful Opt-Outs. The amount described in this paragraph shall be combined with any other amounts paid pursuant to the claims process and paid in a single Benefit Check pursuant to the other provisions of the Settlement Agreement and Amendment.

1.43    "Valid Claim Form"

*Section 1.43 of the Settlement Agreement shall be amended by adding the following paragraph:*

Valid Claim Forms shall also include Claim Forms timely submitted in connection with the Supplemental Class Notice and Rescission of Opt-Out which otherwise satisfy the requirements of sub-sections 1.43(a)-(g) of the Settlement Agreement.

*Section I of the Settlement Agreement shall be amended by adding Section 1.46 to the Settlement Agreement:*

1.46    "Supplemental Class Notice and Rescission of Opt-Out" means the mailed notice of this Amendment contemplated by this Amendment in substantially the same form as attached hereto as Exhibit B.

## II.    **SETTLEMENT PROCEDURES**

*Section II of the Settlement Agreement shall be amended by adding the following Sections 2.34:*

2.34    Supplemental Class Notice Procedures:

(a)    Within seven (7) days after the approval of the Amendment to the Settlement Agreement by the Court, the Settlement Administrator shall mail to each Class Member identified at that time as a Successful Opt-Out, at the address on the Class Member List, the Supplemental Class Notice and Rescission of Opt-Out, together with Class Notice and Claim Form contemplated by the Settlement Agreement  The Settlement Administer shall mail the Supplemental Class Notice and Rescission of Opt-Out, along with documents described in this sub-section via overnight delivery service, and shall include a pre-paid overnight delivery return envelope. The Settlement Administrator shall mail the Supplemental Notices of Class Action and Proposed Settlement to those persons identified by the Court as objectors.

(b)    If any Supplemental Class Notice and Rescission of Opt-Out or Supplemental Notice of Class Action and Proposed Settlement is returned as undeliverable, the Settlement Administrator shall use best efforts to locate the current mailing address for the effected Class Member and resend via the procedures in Section 2.34(a).

(c)    The Supplemental Class Notice and Rescission of Opt-Out shall permit each Class Member identified in Section 2.34(a) to rescind his/her prior request for exclusion from the Settlement Classes and to not be bound by the Settlement Agreement, if, within ten (10) days from the mailing of the Supplemental Class Notice and Rescission of Opt-Out, the Class Member personally completes and mails the Rescission of Opt-Out to the Settlement Administrator at the addresses set forth in the Supplemental Class Notice and Rescission of Opt-Out. For a Class Member's Rescission of Opt-Out to be valid, it must (a) state his or her full name, address, and telephone number; (b) contain the property address which secured the Loan as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be rescind, withdraw, or void his/her previous Opt-Out and be included in the Settlement and Settlement Classes. Rescission of Opt-Outs postmarked after the expiration of the period identified in this sub-section shall not be treated as a successful rescission of Opt Out.

(d)    In the event that a dispute arises regarding a Rescission of Opt-Out, such dispute shall be resolved by the Court.

(e)    Those Class Members identified in Section 2.34(a) who have deemed to have submitted a successful Rescission of Opt-Out shall be bound by this Amendment, the Settlement Agreement and the Release, as embodied in Paragraphs 4.01 and 4.02 of the Settlement Agreement. Those Class Members identified in Section 2.34(a) who do not submit a timely Rescission of Opt-Out, or otherwise comply with all requirements for rescission as may be contained in this Amendment, the Supplemental Class Notice and Rescission of Opt-Out, and otherwise as ordered by the Court, shall be considered a Successful Opt-Out, be excluded from the Settlement, and shall not receive any benefits of the Settlement, including the Claim Consideration, and will not be bound by the terms of this Settlement Agreement. Any Class Member who is a Successful Opt-Out shall have no standing to object to the Settlement.

## III.   SETTLEMENT BENEFITS

*Section 3.02 of the Settlement Agreement shall be amended to state as follows:*

3.02    Subject to the terms and conditions of this Amendment and the Settlement Agreement, each Class Member who is not Successful Opt-Out (or in the case of multiple obligors, the obligors jointly as one Class Member) shall receive shall receive a Benefit Check in the amount of the Claim Consideration. In the event that there is more than one Missing Payment on a Class Member's Loan account, the Class Member is only entitled to recover Claim Consideration for one of the such Missing Payments.

## IV.   MISCELLANEOUS PROVISIONS

4.33    Each and every term of the Settlement Agreement not otherwise amended herein shall remain in full force and effect.

**IN WITNESS WHEREOF,** the Parties hereto have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**JEANETTE VOUGHT**

Jeanette Vought

Date: 12/14/12

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

**DANEEN SKUTACK**

Daneen Skutack

Date: _____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

**MARK SKUTACK**

Mark Skutack

Date: _____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

**ROGER E. FROCK**

Roger E. Frock

Date: _____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

**BANK OF AMERICA, N.A.**

By: _____

Title: _____

Date: _____

*FOR ITSELF, AND AS SUCCESSOR BY*
*MERGER TO BAC HOME LOANS*
*SERVICING, LP*

**IN WITNESS WHEREOF,** the Parties hereto have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**JEANETTE VOUGHT**                    **MARK SKUTACK**

_____        _____
Jeanette Vought                        Mark Skutack

Date:_____         Date:_____

*INDIVIDUALLY AND AS*                  *INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*             *REPRESENTATIVE PLAINTIFF*

**DANEEN SKUTACK**                     **ROGER E. FROCK**

_____        _____
Daneen Skutack                         Roger E. Frock

Date:_____         Date:___*17 DEC 2012*_____

*INDIVIDUALLY AND AS*                  *INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*             *REPRESENTATIVE PLAINTIFF*

**BANK OF AMERICA, N.A.**

_____
By:

Title: _____

Date:_____

*FOR ITSELF, AND AS SUCCESSOR BY*
*MERGER TO BAC HOME LOANS*
*SERVICING, LP*

**IN WITNESS WHEREOF,** the Parties hereto have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**JEANETTE VOUGHT**

_____
Jeanette Vought

Date:_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

**DANEEN SKUTACK**

_____
Daneen Skutack

Date:___/2/17/12_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*


**MARK SKUTACK**

_____
Mark Skutack

Date:___/2-/7-2012_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

**ROGER E. FROCK**

_____
Roger E. Frock

Date:_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*


**BANK OF AMERICA, N.A.**

_____
By:

Title: _____

Date:_____

*FOR ITSELF, AND AS SUCCESSOR BY*
*MERGER TO BAC HOME LOANS*
*SERVICING, LP*

**IN WITNESS WHEREOF,** the Parties hereto have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**JEANETTE VOUGHT**                    **MARK SKUTACK**

_____                _____
Jeanette Vought                        Mark Skutack

Date:_____                Date:_____

   *INDIVIDUALLY AND AS*              *INDIVIDUALLY AND AS*
 *REPRESENTATIVE PLAINTIFF*        *REPRESENTATIVE PLAINTIFF*

**DANEEN SKUTACK**                     **ROGER E. FROCK**

_____                _____
Daneen Skutack                         Roger E. Frock

Date:_____                Date:_____

   *INDIVIDUALLY AND AS*              *INDIVIDUALLY AND AS*
 *REPRESENTATIVE PLAINTIFF*        *REPRESENTATIVE PLAINTIFF*

**BANK OF AMERICA, N.A.**

_____
Lee Wardlow


Title: ___Senior Vice President___

Date: ___12/17/12___

*FOR ITSELF, AND AS SUCCESSOR BY*
*MERGER TO BAC HOME LOANS*
*SERVICING, LP*

Approved As To Form:

HOLLAND, GROVES, SCHNELLER, & STOLZE, LLC

_____
Eric D. Holland

Date: _____

*ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.

_____
Michael D. Braun

Date: _____

*ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER & SHAH, LLP

_____
James C. Shah

Date: 12·14·12

*ATTORNEYS FOR PLAINTIFFS*

BOLEN, ROBINSON & ELLIS, LLP

_____
Jon D. Robinson

Date: _____

*ATTORNEYS FOR PLAINTIFFS*

DONOVAN SEARLES, LLC

_____
Michael D. Donovan

Date: 12-13-12

*ATTORNEYS FOR PLAINTIFFS*

LAW OFFICES OF ANDREW KIERSTEAD

_____
Andrew S. Kierstead

Date: _____

*ATTORNEYS FOR PLAINTIFFS*

Approved As To Form:

HOLLAND, GROVES, SCHNELLER, &          BOLEN, ROBINSON & ELLIS, LLP
STOLZE, LLC

_____          _____
Eric D. Holland                           Jon D. Robinson

Date:_____          Date:_____

    *ATTORNEYS FOR PLAINTIFFS*              *ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.                 DONOVAN SEARLES, LLC

_____          _____
Michael D. Braun                          Michael D. Donovan

Date:_____          Date: 12-13-12

*ATTORNEYS FOR PLAINTIFFS*               *ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER &            LAW OFFICES OF ANDREW
SHAH, LLP                                KIERSTEAD

_____          _____
James C. Shah                             Andrew S. Kierstead

Date:_____          Date: 12-13-12

*ATTORNEYS FOR PLAINTIFFS*               *ATTORNEYS FOR PLAINTIFFS*

Approved As To Form:

HOLLAND, GROVES, SCHNELLER, &
STOLZE, LLC

BOLEN, ROBINSON & ELLIS, LLP

_____
Eric D. Holland

_____
Jon D. Robinson

Date:_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.

DONOVAN SEARLES, LLC

_____
Michael D. Braun

_____
Michael D. Donovan

Date:_____12/17/12_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER &
SHAH, LLP

LAW OFFICES OF ANDREW
KIERSTEAD

_____
James C. Shah

_____
Andrew S. Kierstead

Date:_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

Approved As To Form:

HOLLAND, GROVES, SCHNELLER, &
STOLZE, LLC

BOLEN, ROBINSON & ELLIS, LLP

_____
Eric D. Holland

Jon D. Robinson

Date:_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.

DONOVAN SEARLES, LLC

_____
Michael D. Braun

_____
Michael D. Donovan

Date:_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER &
SHAH, LLP

LAW OFFICES OF ANDREW
KIERSTEAD

_____
James C. Shah

_____
Andrew S. Kierstead

Date:_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

**LEVIN FISHBEIN SEDRAN & BERMAN**     **BRYAN CAVE LLP**

Charles Schaffer

Date: __12-14-12__          Date:_____

*ATTORNEYS FOR PLAINTIFFS*          *ATTORNEYS FOR BANK OF AMERICA, N.A.*

**BRYAN CAVE LLP**

Date: 12·18·12

*ATTORNEYS FOR BANK OF AMERICA, N.A.*

**E-FILED**
Thursday, 05 January, 2012  11:42:55 AM
Clerk, U.S. District Court, ILCD

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of January 5, 2012 between (a) plaintiffs Jeanette Vought, Mark Skutack, Daneen Skutack, and Roger E. Frock on behalf of themselves and the Settlement Classes (as defined herein), and (b) defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P.

## RECITALS[1]

WHEREAS, on March 5, 2010, Plaintiff Jeanette Vought and Wayne Vought filed a lawsuit in the United States District Court for the Central District of Illinois, Urbana Division, captioned as *Wayne Vought and Jeanette Vought, on behalf of themselves and a class of all other persons similarly situated v. Bank of America, N.A., and BAC Home Loans Servicing, L.P.*, No. 2:10-cv-2052;

WHEREAS, on April 2, 2010, Plaintiff Roger E. Frock filed a lawsuit in the United States District Court for the Southern District of Ohio, captioned as *Roger Frock v. Bank of America Corporation*, 10-cv-125 ("Frock Dismissed Action") which was voluntarily dismissed without prejudice on August 2, 2010;

WHEREAS, on May 18, 2010, Plaintiff Mark Skutack and Daneen Skutack filed a lawsuit in the United States District Court for the Eastern District of Pennsylvania, captioned as *Mark Skutack and Daneen Skutack v. Bank of America, N.A. and BAC Home Loans Servicing LP*, 10-cv-2319 ("Skutack Dismissed Action") which was voluntarily dismissed without prejudice on July 21, 2010;

WHEREAS, on or about July 10, 2010, the Vought Plaintiffs filed a First Amended Consolidated Complaint in their lawsuit, adding Mark Skutack, Daneen Skutack, and Roger E. Frock to the Action;

WHEREAS, on November 29, 2010, due to his death, Plaintiff Wayne Vought was terminated from the Action;

WHEREAS, on or about December 22, 2010, Plaintiffs filed a Second Amended Consolidated Class Action Complaint asserting claims against Bank of America, N.A. and BAC Home Loans Servicing, L.P. for breach of contract, unjust enrichment, injunctive relief, violations of the Real Estate Settlement Procedures Act, 15 U.S.C. §§ 2605, *et seq.* ("RESPA") and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act") and seeking damages and other relief arising from, *inter alia*, alleged misapplication of mortgage payments and damage to credit;

WHEREAS, Plaintiffs purported to bring their claims in the Action for breach of contract, unjust enrichment, injunctive relief, and violations of RESPA on behalf of themselves and a putative, nationwide class of allegedly similarly situated borrowers; and their Illinois

---

[1]   Capitalized terms used in these Recitals shall, unless otherwise defined in the Recitals, have the meanings set forth in Section I of the Settlement Agreement

382738

EXHIBIT
A

Consumer Fraud Act claims on behalf of themselves and a putative, statewide class of allegedly similarly situated Illinois state borrowers;

WHEREAS, effective July 1, 2011, BAC Home Loans Servicing, L.P. was merged into and with Bank of America, N.A.;

WHEREAS, Defendant has denied and continues to deny the material allegations in the Action, has denied and continues to deny any wrongdoing and any liability to Plaintiffs or any Class Member, in any amount, in connection with the claims asserted in the Action, has denied that class certification is required or appropriate, and contends that it would prevail in the Action;

WHEREAS, Plaintiffs maintain that they would prevail in the Action, on behalf of themselves and the Settlement Classes;

WHEREAS, Class Counsel has conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the pending and potential claims in the Action, including extensive written discovery, and has conducted a further investigation to determine how to best serve the interests of the putative class in the Action, both before commencing the Action, as well as during the litigation of the Action and the negotiation of the Settlement provided for in this Agreement;

WHEREAS, Plaintiffs, for themselves and on behalf of the Settlement Classes, desire to settle the Action and all matters within the scope of the Release set forth herein, having taken into account the risks, delay, and difficulties involved in establishing liability, the likelihood of recovery in excess of that offered by this Settlement Agreement, the desirability of payment now, and the likelihood that the Action could be protracted and expensive;

WHEREAS, although Defendant denies any wrongdoing and any liability to Plaintiffs and the Settlement Classes whatsoever, Defendant believes that it is desirable and in its best interest to settle the Action and all matters within the scope of the Release in the manner and upon the terms and conditions provided for in this Settlement Agreement in order to avoid the further expense, inconvenience, and distraction of litigation, and in order to put to rest the claims that have been asserted in the Action and/or are within the scope of the Release;

WHEREAS, the issues before the Court are complex and, if fully litigated, would likely result in protracted litigation, appeals, and continued uncertainty as to any outcome;

WHEREAS, the Parties have had the opportunity to evaluate their respective positions on the merits of the Action; and

WHEREAS, the Parties have agreed on all of the terms and conditions of this Settlement Agreement through extensive arm's-length negotiations between their respective counsel, and with the assistance of mediators the Honorable Donald O'Connell (Ret.) and Richard P. Sher, Esq.

NOW THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of

382738                                            2

which is acknowledged herein, Plaintiffs, for themselves and as representatives of the Settlement Classes, and Defendant agree, subject to the approval by the Court of the Settlement, as follows:

# I.   **DEFINITIONS**

In addition to the terms defined above, the following terms are used in this Settlement Agreement:

1.01    "Action" means the action captioned as "*Jeanette Vought, Mark Skutack, Daneen Skutack, and Roger E. Frock, on behalf of themselves and a class of all other persons similarly situated v. Bank of America, N.A., and BAC Home Loans Servicing, L.P.* " No. 2:10-cv-2052, now pending in the United States District Court for the Central District of Illinois, Urbana Division.

1.02    "Agreement" or "Settlement Agreement" means this Settlement Agreement.

1.03    "Attorney Fee Award" means any award made to Class Counsel by the Court, upon application pursuant to Paragraphs 2.26 and 2.27 below.

1.04    "BANA" means:

(a)    Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P.,

(b)    all prior and subsequent servicers and subservicers of any Class Member's Loan;

(c)    all past, present and future assignees or holders of any Class Member's Loan;

(d)    all past, present and future investors, owners, beneficiaries, trusts, trustees, loan servicers, loan subservicers, and other people or entities with an interest with respect to a Class Member's Loan, including but not limited to, the Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, any mortgage-backed securities trust, MERS; and

(e)    all past, present and future predecessors, successors, assigns, parents, subsidiaries, divisions, owners, affiliates, shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives, and employees of each of the entities or persons in subparagraphs (a), (b), (c), and (d) above.

1.05    "Benefit Check" means the negotiable check to be sent to those Class Members who shall receive the Claim Consideration pursuant to Paragraphs 3.02 and 3.03 below.

1.06    "Claims Consideration" means, as described in this Paragraph, the funds to be paid to each Class Member who submits a Valid Claim Form in exchange for the Release, as

described in Paragraphs 4.01 and 4.02 below.  In the event that there is more than one Missing Payment on a Class Member's Loan account, the Class Member is entitled to recover Claims Consideration for only one such Missing Payment.

    (a)    Fifty Dollars ($50.00), up to a total payment by Defendant to the Settlement Class of $500,000, to Class Members who submit a Valid Claim Form under penalty of perjury reflecting that the Class Member paid to Taylor, Bean & Whitaker a payment(s) greater than or equal to a full contractual monthly mortgage payment on or after August 1, 2009 which was not credited by Defendant in 2009, and made a written request to Defendant for crediting of his/her Loan account with that Missing Payment and, as of December 1, 2011, such Missing Payment has not been credited.  In the event the claims made pursuant to this sub-section would exceed an aggregate of $500,000 to the Settlement Class, the payment to each Class Member submitting a Valid Claim Form under this sub-section shall be reduced proportionately.  Members of the Sub-Class shall not be eligible for payment from this sub-section 1.06(a).

    (b)    Seventy-five Dollars ($75.00) to Class Members who submit a Valid Claim Form under penalty of perjury identifying the circumstances, including the identity of the lender and the type of loan or credit vehicle (credit card, line of credit, etc.) under which Defendant's credit reporting as to the Missing Payment resulted in an adverse effect on the Class Member's ability to obtain, extend, or continue credit.

    (c)    Twenty-five Dollars ($25.00) to Class Members who provide along with a Valid Claim Form under penalty of perjury a copy of their 2009 Schedule A to IRS Form 1040 reflecting itemized tax deductions in order to confirm that such Class Member could have deducted, but did not deduct, mortgage interest for the Missing Payment in 2009.

1.07    "Claim Form" means the Settlement Class Claim Form and the Sub-Class Claim Form.

1.08    "Classes" means the "Settlement Classes."

1.09    "Class Counsel" means Eric D. Holland Groves Schneller & Stolze, LLC, Christopher M. Ellis of Bolen Robinson & Ellis, Michael Donovan of Donovan Axler, Charles Schaffer of Levin Fishbine Sedrin & Berman, and Michael Braun of Braun Law Group.

1.10    "Class Member" means a member of the Settlement Classes.  When more than one person was obligated on a single Loan, those persons collectively shall be treated as only one Class Member.

1.11    "Class Member List" means the list of Class Members prepared by Defendant.

1.12   "Class Notice" means the mailed notice of this Settlement to the Settlement Classes that is contemplated by this Agreement in substantially the same form as attached hereto as Exhibit A.

1.13   "Counsel for the Defendant" means Steven R. Smith and Jeffrey S. Russell of Bryan Cave LLP.

1.14   "Court" means the Honorable Michael P. McCuskey, United States District Court for the Central District of Illinois, Urbana Division, and/or such other judge of the same court to whom the Action, or a proceeding in the Action, may hereafter be assigned.

1.15   "Court Approval Hearing" means the hearing at which Final Approval is sought.

1.16   "Defendant" means Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P.

1.17   "Final Approval" means the last date on which all of the following have occurred:

(a)   The Court has issued all necessary orders under Fed. R. Civ. P. 23 approving of the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement, including the Final Approval Order;

(b)   The Court enters a judgment, including as part of the Final Approval Order, (i) dismissing all claims in the Action with prejudice, and (ii) finally approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement;

(c)   Either:  (i) thirty-five (35) days have passed after entry of the Court's judgment finally approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement and within such time as no appeal is taken after the Court's entry of judgment and no motion or other pleading has been filed with the Court to set aside or in any way alter the judgment and/or orders of the Court finally approving of the Settlement, or (ii) all appellate, reconsideration, or other forms of review and potential review of the Court's orders and judgment finally approving the Settlement are exhausted or become unavailable by virtue of the passage of time, and the Court's orders and judgment are upheld, or not altered in a manner that is substantially inconsistent with the judgment contemplated by subparagraph (b) provided that, and without limitation, any change or modification that may increase Defendant's liability, or not approve the use of the Claim Form, or reduce the scope of the Release, or reduce the scope of the Settlement Classes shall prevent the occurrence of Final Approval at the sole option of Defendant; and

(d)   no Party with a right to do so has terminated the Agreement.

1.18   "Final Approval Date" means the date upon which Final Approval occurs.

1.19   "Final Approval Order" means the order and judgment of the Court, in substantially the same form as attached hereto as Exhibit B, approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice.

1.20   "Loan" means a residential mortgage loan of a Class Member secured by property upon which the Class Member was an obligor and that can qualify him or her as a member of the Settlement Classes.

1.21   "Missing Payment" means a mortgage payment(s) by an individual who has, or did have, a residential mortgage loan for real property situated in the United States of America whose mortgage account, previously serviced by Taylor, Bean and Whitaker, was assigned or transferred to BAC Home Loans Servicing, L.P. pursuant to a U.S. Department of Housing and Urban Development Government National Mortgage Association Single Family Master Subservicer agreement in August 2009, where the mortgage payment(s) were: (a) paid to and received by Taylor, Bean and Whitaker; (b) on or after August 1, 2009; (c) in an amount equal to or greater than the minimum monthly contractual amount for the month; and (d) were not credited by Defendant in 2009.  In the event that there is more than one Missing Payment on a Class Member's Loan account, the Class Member is entitled to recover Claims Consideration for only one such Missing Payment.

1.22   "Objection" means the written objection to the Settlement by any Class Member who is not a Successful Opt-Out, mailed or hand-delivered to Class Counsel and Counsel for the Defendant, at the addresses set forth in the Class Notice, and mailed or hand-delivered simultaneously to the Court.

1.23   "Opt-Out" means the written request for exclusion from the Settlement Classes and not to be bound by this Agreement completed and mailed to the Settlement Administrator at the addresses set forth in the Class Notice.

1.24   "Opt-Out Period" means such time as is ordered by the Court and contained in the Class Notice for each Class Member to request exclusion from the Settlement Classes and not to be bound by this Agreement.

1.25   "Party" means Representative Plaintiffs or Defendant individually, and "Parties" means each of the Representative Plaintiffs and Defendant, collectively.

1.26   "Plaintiffs' Counsel" means (i) Eric D. Holland of Holland Groves Schneller & Stolze, LLC, Christopher M. Ellis of Bolen Robinson & Ellis, Michael Donovan of Donovan Axler, Charles Schaffer of Levin Fishbine Sedrin & Berman, and Michael Braun of Braun Law Group; and (ii) any other law firms, professional legal corporations, partnerships, other entity or attorney that, to the knowledge of Class Counsel as of the date of this Settlement Agreement, have represented or purport to represent a Class Member with respect to matters within the scope of the Release;  (iii) any law firm, professional legal corporation, partnership, or other entity or attorney that has or may claim to have a right to any attorneys' fees or costs in connection with the Action; and (iv) each partner, shareholder or other part or full owner of any of the foregoing.

1.27   "Preliminary Approval" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement as contemplated by this Agreement, and in substantially the same form as attached hereto as Exhibit C.

1.28   "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

1.29   "Release" means the release set forth in Paragraphs 4.01 and 4.02 of this Agreement.

1.30   "Released Persons" shall mean BANA, as that term is defined above.

1.31   "Representative Plaintiffs" or "Plaintiffs" means plaintiffs Jeanette Vought, Mark Skutack, Daneen Skutack, and Roger E. Frock, or each of them, individually and collectively.

1.32   "Representative Plaintiffs Award" means any award made to Representative Plaintiffs by the Court upon application pursuant to Paragraphs 2.29 and 2.30 below.

1.33   "Settlement" means the resolution of the matters within the scope of the Release set forth herein, as embodied in Paragraphs 4.01 and 4.02 of this Agreement.

1.34   "Settlement Administration Costs" means the costs of administering the Settlement provided for herein, to be paid by Defendant, including but not limited to the costs of mailing the Class Notice and Claim Form to the Class Members, providing the notifications under 28 U.S.C. § 1715, and providing the Benefit Checks to Class Members who submit a Valid Claim Form, but specifically excluding all class benefit payments, payments to the Representative Plaintiffs, attorneys' fees and litigation costs.

1.35   "Settlement Administrator" means Tilghman & Co. or such other *bona fide* person or entity in the business of class action settlement administration as may be selected by Defendant, subject to agreement by Plaintiffs, which agreement shall not be unreasonably withheld, and appointed by the Court.

1.36   "Settlement Class" means: All individuals who have, or did have, a residential mortgage loan for real property situated in the United States of America whose mortgage account, previously serviced by Taylor, Bean and Whitaker, was assigned or transferred to BAC Home Loans Servicing, L.P. pursuant to a U.S. Department of Housing and Urban Development Government National Mortgage Association Single Family Master Subservicer agreement in August 2009, where the mortgage payment(s) were: (a) paid to and received by Taylor, Bean and Whitaker; (b) on or after August 1, 2009; (c) in an amount equal to or greater than the minimum monthly contractual amount for the month; and (d) were not credited by Defendant in 2009.

1.37   "Settlement Classes" means the Settlement Class and the Settlement Sub-Class.

1.38   "Settlement Class Claim Form" means the claim form with regard to the Settlement Class contemplated by this Agreement, and in substantially the same form as attached hereto as Exhibit D.

1.39   "Settlement Sub-Class" means:  All individuals who have, or did have, a residential mortgage loan for real property situated in the United States of America whose mortgage account, previously serviced by Taylor, Bean and Whitaker, was assigned or transferred to BAC Home Loans Servicing, L.P. pursuant to a U.S. Department of Housing and Urban Development Government National Mortgage Association Single Family Master Subservicer agreement in August 2009, where the mortgage payment(s) were: (a) paid to and received by Taylor, Bean and Whitaker; (b) on or after August 1, 2009; (c) in an amount equal to or greater than the minimum monthly contractual amount for the month; and (d) were not credited by Defendant in 2009, but were subsequently credited with payments.

1.40   "Settlement Sub-Class Claim Form" means the claim form with regard to the Sub-Class contemplated by this Agreement, and in substantially the same form as attached hereto as Exhibit E.

1.41   "Sub-Class Member" means a member of the Settlement Sub-Class.

1.42   "Successful Opt-Out" means a person who, pursuant to Paragraph 2.07 and Fed. R. Civ. P. 23, timely and validly exercises his or her right to be excluded from the Settlement Class, but shall not include (a) persons whose requests for exclusion are disputed by Defendant pursuant to Paragraphs 2.09 and 2.19 below, and the dispute is not overruled by the Court or withdrawn by Defendant, (b) persons whose communication is not treated as a request for exclusion pursuant to Paragraph 2.07, and (c) persons whose requests for exclusion are not valid or are otherwise void pursuant to Paragraphs 2.07, 2.08 and 2.10.

1.43   "Valid Claim Form" shall mean a Claim Form that:

    (a)   is truthfully completed (i) by the Class Member, or (ii) by a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action;

    (b)   contains the address of the property that secures the Loan and/or the loan number of the Loan for which the Claim Form is being submitted;

    (c)   contains one or more of the following:

        (i)   information reflecting that the Class Member paid to Taylor, Bean & Whitaker a payment greater than or equal to a full contractual monthly mortgage payment on or after August 1, 2009 and made a written request to Defendant for crediting of his/her Loan account with that Missing Payment;

        (ii)   contains information reflecting that the Class Member attempted to obtain credit, including the identity of the lender and the type of loan or credit vehicle (credit card, line of credit, *etc.*) and Defendant's credit reporting as to the Missing Payment resulted in an adverse effect on the Class Member's ability to obtain, extend, or continue such credit.

> (iii) attaches a copy of the Class Member's 2009 Schedule A to IRS Form 1040 reflecting itemized tax deductions in order to confirm that such class member could have deducted mortgage interest for the Missing Payment. Class Members may redact social security numbers from the Schedule A.

(d) is executed under penalty of perjury by each living person who is a Class Member as to the Loan for which the Claim Form is being submitted (or his, her, or their legal representative) and is/was an obligor on that same Loan;

(e) is timely, as judged by the fact that it is postmarked by the deadline set by the Court;

(f) is returned by U.S. First Class mail to the Settlement Administrator as provided for in the Class Notice; and

(g) is not successfully challenged. A Claim Form shall be treated as successfully challenged under the standards set forth in Paragraph 2.19 below.

1.44   As used herein, the plural of any defined term includes the singular thereof and *vice versa*, except where the context requires otherwise. All references to days shall be interpreted to mean calendar days, unless otherwise noted. When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

1.45   Other terms are defined in the text of this Agreement, and shall have the meaning given those terms in the text. It shall be the intent of the Parties in connection with all documents related to the Settlement that terms as used in other documents shall have the meaning defined to them in this Agreement.

## II.   SETTLEMENT PROCEDURES

A.   Preliminary Approval.

2.01   As soon as practical after the execution of this Settlement Agreement, Class Counsel, on behalf of the Settlement Classes, shall move the Court for the order for Preliminary Approval (a) preliminarily approving the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate, including the material terms of this Agreement; (b) certifying the Settlement Classes for settlement purposes only; (c) setting a date for the Court Approval Hearing; (d) approving the proposed Class Notice and Claim Form, and authorizing their dissemination to the Settlement Classes; (e) approving the requirement that Class Members file a claim form in order to obtain the Benefit Check; (f) setting deadlines consistent with this Agreement for mailing of the Class Notice and Claim Form, the submission of Claim Forms, the filing of objections, the filing of motions to intervene, the filing of objections, statements or other submissions by any person noticed pursuant to 28 U.S.C. § 1715 (or that claims an entitlement to

have been noticed pursuant to 28 U.S.C. § 1715), the submission of requests for exclusion from the Settlement Class, and the filing of papers in connection with the Court Approval Hearing; (g) conditionally designating Representative Plaintiffs as the representative of the Settlement Classes and Class Counsel as counsel for the Settlement Classes; (h) prohibiting all generalized notices or communications, whether by written correspondence, advertisements, Internet postings, or other media, to Class Members by the Parties about the Settlement or its terms other than that specifically authorized by this Agreement (*e.g.*, the one-on-one communications between Class Counsel and Class Members permitted under Paragraph 6.08 below and the communication to Class Members permitted under Paragraphs 3.01 and 6. 17 below) or order of the Court; and (i) approving a Settlement Administrator.

2.02    Within the time period provided under 28 U.S.C. § 1715, Defendant shall cause the requisite notifications of the Settlement to be made to the persons and/or governmental entities or officials identified in the statute.

B.    Administration.

2.03    In the event of Preliminary Approval, Defendant thereafter shall prepare the Class Member List. In preparing the Class Member List, Defendant shall use reasonable good faith efforts to identify Class Members by their last known address, but shall have no obligation to look beyond information obtainable from Defendant's readily searchable computer media. After generating the Class Member List from its readily searchable computer media, Defendant shall obtain (or cause the Settlement Administrator to obtain) updates, if any, to the addresses contained therein using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service").

2.04    Within forty-five (45) days after the Preliminary Approval Date, the Settlement Administrator shall mail to each Class Member at the address on the Class Member List the Class Notice, together with the Claim Form. In those cases where a Class Member had two or more Loans potentially entitling the Class Member to relief under this Agreement, the Settlement Administrator shall mail to the Class Member a separate Class Notice, together with a Claim Form, as to each such Loan. Before mailing, the Settlement Administrator shall fill-in all applicable dates in the Class Notice and Claim Form to conform to the dates specified by the Court in the Preliminary Approval Order. The Settlement Administrator also shall have discretion to format the Class Notice and Claim Form in a reasonable manner to minimize mailing or administrative costs.

2.05    The Parties will recommend that the Court Approval Hearing be scheduled for a date at least seventy-five (75) days after the date set forth in Paragraph 2.04 for the mailing of the Class Notice and Claim Form and not sooner than one hundred (100) days after the date the proposed settlement agreement is filed with the Court.

2.06    If any Class Notice sent under Paragraph 2.04 is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Class Notice and the Claim Form to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. If the returned mail does not reflect a forwarding address, then the Settlement Administrator shall re-mail only if the Settlement Administrator locates another current address after a search of one

or more national locator databases selected at the discretion of the Settlement Administrator (*e.g.* Transunion or Lexis/Nexis). The Settlement Administrator and the parties shall have no additional obligation to locate the Class Member or re-mail the Class Notice and Claim Form. Other than as set forth in this Section II, there shall be no other provision for class notice.

2.07    The Class Notice shall permit each Class Member to request exclusion from the Settlement Classes and not to be bound by this Agreement, if, within the Opt-Out Period, the Class Member personally completes and mails an Opt-Out to the Settlement Administrator at the addresses set forth in the Class Notice. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain the property address which secured the Loan as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Classes, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who were co-obligors on the same Loan, the Class Member shall be deemed a Successful Opt-Out as to that Loan only if all obligors elect to and validly opt-out in accordance with the provisions of this Paragraph. In the event a Class Member is a Class Member as to more than one Loan, the Opt-Out must specify the Loan(s) as to which the Class Member is opting out by identifying the Loan(s) as to which the Class Member is opting out by loan number, property address and date of loan, or some other unique information identifying the specific Loan as to which the Class Member is opting out. The Parties will recommend that the Opt-Out period shall expire no less than twenty (20) days before the Court Approval Hearing, and that Opt-Outs postmarked after the expiration of the Opt-Out Period shall not be treated as a successful OptOut.

2.08    No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) opt-out more than one Class Member on a single paper, or as an agent or representative; any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member.

2.09    At the expiration of the Opt-Out Period, Class Counsel, Counsel for the Defendant and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from a Class Member is a request to opt-out. Defendant or Class Counsel may dispute an Opt-Out or purported Opt-Out, and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in Paragraph 2.19 below.

2.10    Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting-out as may be contained in this Agreement, in the Class Notice, and otherwise as ordered by the Court, or who is not a Successful Opt-Out shall be bound by this Agreement, this Settlement and the Release, as embodied in Paragraphs 4.01 and 4.02 of this Settlement Agreement. If a Class Member is a Successful Opt-Out, that Class Member shall be excluded from the Settlement, and shall not receive any benefits of the Settlement, including the

Claim Consideration, and will not be bound by the terms of this Settlement Agreement. Any Class Member who is a Successful Opt-Out shall have no standing to object to the Settlement.

2.11   No Class Member may assign or delegate to any individual or entity the right to receive a Benefit Check or to submit a Claim Form on behalf of the Class Member. If a Class Member assigns or delegates such right, the Claim Form submitted by or on behalf of that Class Member shall be null and void. Nothing herein shall preclude a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member from receiving the Claim Consideration or submitting a Claim Form on behalf of a Class Member.

2.12   Claim Forms shall be returned to the Settlement Administrator postmarked by the deadline set by the Court in the Preliminary Approval Order or be forever barred. In the event a Class Member is a Class Member as to more than one Loan, he or she must submit a separate Claim Form for each such Loan. Further, in the event that a Class Member is unable to execute a Claim Form in accordance with Paragraph 1.41 above and there is no person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of such a Class Member with respect to a claim or right such as those in the Action, a statement signed under penalty of perjury explaining the reason(s) the Class Member is unable to execute the Claim Form (e.g., death, divorce, overseas military service) may be attached to and submitted with the Claim Form. In the event and only in the event of the submission of such statement with a Claim Form meeting all the criteria for a Valid Claim Form set forth in Paragraph 1.41 except for the execution requirement in Paragraph 1.41(a), the Settlement Administrator shall have discretion to treat the Claim Form as a Valid Claim Form.

2.13   Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail or hand-deliver an Objection to Class Counsel and Counsel for the Defendant, at the addresses set forth in the Class Notice, and mail or hand-deliver the Objection simultaneously to the Court. Each Objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property that secured the Loan with a Missing Payment, if different; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the legal and factual basis for the objection; (f) provide copies of any documents that the Class Member wishes to submit in support of his/her position; and (g) identify whether he/she is represented by counsel with respect to the objection. Objections may be filed by counsel for a Class Member. Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement.

2.14   The motion for Preliminary Approval shall provide that all Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to Class Counsel and Counsel for the Defendant no less than twenty (20) days before the Court Approval Hearing.

2.15   Any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must, within the time set by the Court, and, in any event, no less than 20 days prior to the Court Approval Hearing, mail or hand-deliver to the Court a notice of

appearance in the Action, take all other actions or make any additional submissions as may be required in the Class Notice or as otherwise ordered by the Court, and mail the notice and other pleadings to Class Counsel and Counsel for the Defendant as provided in the Class Notice. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Agreement, the Class Notice, and as otherwise ordered by the Court shall be barred from appearing at the Court Approval Hearing.

2.16  Any Class Member who wishes to intervene in the Action must mail or hand-deliver to the Court a motion or application to do, and contemporaneously mail or hand-deliver it to Class Counsel and Counsel for the Defendant, within the time set by the Court, and in any event, no less than twenty (20) days before the Court Approval Hearing.

2.17  Unless the Court orders otherwise, the dates set forth in the Class Notice shall govern the rights of the Class Members.

2.18  The Class Notice shall provide that the Claim Form shall be returned to the Settlement Administrator postmarked by the deadline set by the Court in the Preliminary Approval Order, or be forever barred. The Parties will recommend that the deadline for the return of Claim Forms to the Settlement Administrator should be no more than forty-five (45) days after the date for the Court Approval Hearing Date originally set by the Court.

2.19  (A)  The Settlement Administrator shall determine whether a claim meets the definition of Valid Claim Form. In addition, within twenty (21) business days after the final date for postmarking of Claim Forms set by the Court, the Settlement Administrator shall provide Class Counsel and Counsel for the Defendant with a list of Claim Forms that do not meet the definition of a Valid Claim Form. This list shall also contain information sufficient to identify the reason(s) a Claim Form or group of Claim Forms do not meet the definition of a Valid Claim Form. Further, within a reasonable time after receipt of a written demand from Class Counsel and/or Counsel for the Defendant seeking copies of specific Claim Forms, the Settlement Administrator shall provide Class Counsel and/or Counsel for the Defendant with copies of such Claim Forms. In the event of such a demand, however, the Settlement Administrator's costs and expenses of response shall be paid by the party seeking copies of Claim Forms, whether it be Class Counsel or Counsel for the Defendant.

(B)  Within fifteen (15) business days after Counsel for the Defendants' receipt of the list of Claims Forms that do not meet the definition of a Valid Claim Form (or within such additional time as the Parties may agree or the Court may permit), Defendant may, itself or through Counsel for the Defendant, challenge any claims as not meeting the definition of Valid Claim Form, by any form of written notice to Class Counsel ("Disputed Claims"). Defendant shall be entitled to review any Claim Form, at any time, and may rely on any mortgage servicing information relating to members of the Settlement Classes. Such notice of Disputed Claims shall void any Disputed Claim unless Class Counsel disputes the challenge, in good faith, and in writing to Counsel for the Defendant within fifteen (15) business days after the receipt of notice of Disputed Claims (or within such additional time as the Parties may agree or the Court may permit).

(C)     Within fifteen (15) business days after Class Counsel's receipt of the list of Claim Forms that do not meet the definition of a Valid Claim Form (or within such additional time as the Parties may agree or the Court may permit), Plaintiffs, either by themselves or through Class Counsel, may challenge any claims not meeting the definition of a Valid Claim Form by any form of written notice to the Settlement Administrator and Counsel for the Defendant ("Disputed Invalid Claims").  Such notice of Disputed Invalid Claims shall void a determination of an invalid claim unless Counsel for the Defendant disputes the challenge in good faith, and in writing, to Class Counsel within fifteen (15) business days of receipt of the Disputed Invalid Claim (or within such additional time as the Parties may agree or the Court may permit).

(D)     The Court shall retain jurisdiction to resolve Disputed Claims and Disputed Invalid Claims.  The Parties agree that any decision by Defendant not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against Defendant in any proceeding.

2.20    The motion for Preliminary Approval shall provide that any filings, objections, statements, or other submissions by any person or government entity noticed pursuant to 28 U.S.C. § 1715, or that claims an entitlement to have been noticed pursuant to 28 U.S.C. § 1715, shall be filed with the Court and served upon Class Counsel and Counsel for the Defendant no less than twenty (20) days before the Court Approval Hearing.  The Parties also will recommend that any request for appearance by such person or government entity be made by the same method and subject to the same restrictions as set forth in Paragraphs 2.15 and 2.16.

2.21    Settlement administration shall be conducted by the Settlement Administrator, and Settlement Administration Costs shall be paid by Defendant.

2.22    For a period of one hundred twenty (120) days after the Final Approval Date, the Settlement Administrator shall maintain an address to receive (a) Claim Forms that are returned, whether valid or not, and (b) other inquiries with respect to the Settlement.  The Parties, Class Counsel, and the Settlement Administrator shall, subject to the provisions of Paragraph 6.08 below and any order of the Court, have the right to respond to verbal inquiries initiated by individual Class Members concerning the Settlement at any time.

2.23    Prior to Class Counsel submitting to the Court a motion for entry of an order and final judgment, Counsel for Defendant or the Settlement Administrator shall serve on Class Counsel one or more declarations stating that the Class Notice was provided in accordance with the requirements of the Preliminary Approval Order.

C.      Final Approval.

2.24    By the time provided in the motion for Preliminary Approval, Representative Plaintiffs and Class Counsel will move the Court for the Final Approval Order (a) finally approving the Settlement and its allocation of payments as fair, reasonable, and adequate; (b) giving the terms of the Settlement final and complete effect; (c) finally certifying the Settlement Classes; (d) finding that all requirements of statute (including 28 U.S.C. § 1715), rule, and state and federal Constitutions necessary to effectuate this Settlement have been met and satisfied; (e)

determining that the Class Notice and Claim Form were disseminated to Class Members in compliance with the Court's Preliminary Approval Order, and in full satisfaction of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (f) listing in a sealed appendix all Successful Opt-Outs; (g) permanently barring and enjoining all Class Members, and any person actually or purportedly acting on behalf of Class Members, from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Rights, directly or indirectly, in any judicial, administrative, arbitral, or other forum, against any of the Released Persons; and (h) otherwise entering final judgment of dismissal on the merits and with prejudice in the Action.

2.25    The Final Approval Order, or a separate order, shall be entered providing that all Class Members (who are not Successful Opt-Outs), including Representative Plaintiffs and Class Counsel shall be enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release and judgment in the Action.

2.26    Prior to the Court Approval Hearing, Representative Plaintiffs and Class Counsel may, subject to the limitations set forth in Paragraph 2.27 below, make written application to the Court for an aggregate award of attorneys' fees and actual litigation costs incurred in the prosecution of the Action not to exceed, in the aggregate, two million dollars ($2,000,000). Defendant agrees not to oppose such application or to take any position adverse to such application and further agrees to pay the amount awarded by the Court up to the agreed-upon amount contained in this Paragraph. Plaintiffs acknowledge that the approval of fees and expenses is within the Court's discretion and an award of less than the agreed-upon amount shall not be a basis for setting aside the settlement, notwithstanding the provisions of Paragraph 6.03. Defendant shall have no obligation to pay any fees, costs or expenses greater than the agreed-upon amount contained in this Paragraph.

2.27    The maximum amount to be paid under the Settlement for attorneys' fees and litigation costs and expenses shall be two million dollars ($2,000,000).  In the event that a lawyer, law firm or other person or entity, other than Class Counsel, seeks an award of attorneys' fees, costs, expenses or other sums in connection with the Settlement or the Action, such appearance or attempt to obtain any award, or the Court's action thereon, shall in no way increase Defendant's maximum liability in connection with the Settlement of the Action to pay attorneys' fees and litigation costs and expenses in excess of the two million dollars ($2,000,000) or the amount awarded by the Court for attorneys' fees to Class Counsel and shall in no way increase Defendant's maximum liability in connection with the Settlement or the Action.

2.28    Prior to the Court Approval Hearing, Representative Plaintiffs and Class Counsel may, subject to the limitations set forth in Paragraph 2.29 below, make written application to the Court for an aggregate Representative Plaintiffs Award to be paid to Representative Plaintiffs for their service as class representatives in an amount not to exceed four thousand ($4,000.00) dollars, with joint mortgagors sharing one payment.  Defendant further agrees that the incentive award payment to Plaintiff Frock will not be applied to reduce the outstanding balance of his mortgage, and Plaintiff Frock agrees to cooperate in providing Defendant with a deed in lieu of foreclosure and possession of the subject property securing his Loan.  Defendant further agrees

that the incentive award payment to Plaintiffs will not be applied to reduce the outstanding balance of their respective mortgages.

2.29  Representative Plaintiffs and Class Counsel agree that any application made pursuant to Paragraph 2.27 above will not seek an amount in excess of four thousand ($4,000.00) dollars to be paid to each Representative Plaintiff.  Defendant shall not be obligated to pay any single Representative Plaintiffs Award that is in excess of four thousand ($4,000.00) dollars. Representative Plaintiffs and Class Counsel expressly disclaim any and all right to collect in excess of four thousand ($4,000.00) dollars to each Representative Plaintiffs in a Representative Plaintiffs Award from any person or entity, and agree, upon demand, to execute a release of any person's or entity's obligations to pay such sum.

2.30  In the event that the Court denies, in whole or in part, (a) any application made by Class Counsel pursuant to Paragraph 2.26 above; and/or (b) any application made by Representative Plaintiffs and Class Counsel pursuant to Paragraph 2.28 above, the remainder of the terms of this Agreement shall remain in effect.

2.31  At the Court Approval Hearing, Representative Plaintiffs and Class Counsel shall present sufficient evidence to support the entry of a Final Approval Order, and shall present such evidence as they deem appropriate to support requests for Final Approval of the Settlement, an Attorney Fee Award, and/or a Representative Plaintiffs Award.

2.32  The Parties and Class Counsel agree that Representative Plaintiffs and Class Counsel will submit to Counsel for the Defendant drafts of any motions, memoranda or other materials Representative Plaintiffs and/or Class Counsel intend to submit to the Court at least two (2) business days prior to the date any such motion, memoranda or other materials are to be filed with the Court.  Defendant may provide reasonable comments on such motions, memoranda or other materials to the extent Defendant deems necessary, in its sole discretion, to protect its interests in the Settlement or otherwise.

2.33  If and when the Court gives Final Approval to the Settlement, the Action shall be dismissed with prejudice, with all Parties to bear his, her, or its own costs and attorneys' fees and litigation expenses not otherwise awarded.

## III.  **SETTLEMENT BENEFITS**

3.01  Notwithstanding that Defendant denies any wrongdoing and any liability to Representative Plaintiffs and Class Members, and states that the Loans were serviced at all times by it in accordance with applicable federal and state laws, subject to the terms and conditions of this Agreement, and within a reasonably practicable time after Final Approval or as otherwise agreed with Class Counsel:

    (a)    Defendant shall credit all Class Member accounts on which a Missing Payment was made and not yet credited.  Defendant retains discretion to implement this provision for accounts subject to foreclosure, bankruptcy, loan modification programs or similar foreclosure alternatives in accordance with governing law and investor requirements.

Notwithstanding the foregoing, it is the agreement of the parties that all class members shall have their respective accounts credited.

(b)  Defendant shall waive Class Members' unpaid late charges attributable to a Missing Payment and refund Class Members' paid late charges attributable to a Missing Payment. Defendant retains discretion to implement this provision for accounts subject to foreclosure, bankruptcy, loan modification programs or similar foreclosure alternatives in accordance with governing law and investor requirements. Notwithstanding the foregoing, it is the agreement of the parties that all class members shall have the described late fees waived.

(c)  Defendant shall issue an IRS Form 1098 reflecting application of Class Members' Missing Payment. Defendant will provide Class Counsel with the number of borrowers receiving a Form 1098 under this sub-section.

(d)  Defendant shall (i) issue an informational job aid to assist customer service staff in responding to inquiries by Class Members regarding Missing Payment issues; (ii) provide a letter to each Class Member describing in neutral terms the Missing Payment issue and the crediting of the account, subject to agreement of the Parties on the contents of the letter; (iii) provide credit information regarding Class Member's accounts to credit reporting bureaus, subject to confirmation that the reporting will contain no negative information regarding the Missing Payments; and (iv) identify one central toll-free number to be utilized in all notices and by Class Members for communications with regard to any Missing Payment issues. The Parties acknowledge that Defendant has no ability to direct the several credit bureaus or other creditors as to the credit information and acknowledge that subject to the obligations herein specified Defendant shall have no further obligation or liability with regard to actions by the credit bureaus or other creditors in respect of any Missing Payment issues. The requirements of this provision shall be implemented in conjunction with and upon approval of Class Counsel.

3.02    Subject to the terms and conditions of this Agreement, if a Class Member submits a Valid Claim Form, he or she (or in the case of multiple obligors, the obligors jointly as one Class Member) shall receive a Benefit Check in the amount of the Claim Consideration. In the event that there is more than one Missing Payment on a Class Member's Loan account, the Class Member is only entitled to recover Claim Consideration for one of the such Missing Payments.

3.03    Subject to the terms and conditions of the Agreement, within thirty (30) business days after the Final Approval Date, the Settlement Administrator shall begin mailing or otherwise providing a Benefit Check in the amount of the Claim Consideration to each Class Member: (a) who is not a Successful Opt-Out; (b) who has returned a Valid Claim Form; and (c) with respect to whom a dispute does not remain outstanding regarding the validity of the Claim Form. With respect to any Disputed Claim or Dispute Invalid Claim determined to be a Valid Claim Form, the Benefit Check in the amount of the Claim Consideration shall be mailed or

otherwise provided within thirty (30) business days after resolution of any dispute by the parties or, if no agreement can be reached by the parties, resolution of any dispute by the Court. The Benefit Checks shall be mailed to the address provided by the Class Member on a Valid Claim Form. If a Class Member fails to provide an address on the Valid Claim Form, then the Settlement Administrator shall mail the Benefit Check to the Class Member at the address on the Class Member List, as updated through the NCOA. All Benefit Checks issued pursuant to this Paragraph shall be void if not negotiated within ninety (90) calendar days of their date of issue, and shall contain a legend to that effect. Benefit Checks issued pursuant to this Paragraph that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued. Further, the value of all Benefit Checks issued pursuant to this Paragraph that are unclaimed by Class Members, including all returned Benefit Checks and all Benefit Checks not negotiated within ninety (90) calendar days of their date of issue, shall be retained by Defendant.

3.04     No Class Member shall be entitled to the Benefit Check unless the Class Member submits a Valid Claim Form and is not a Successful Opt-Out. If a Class Member is a Successful Opt-Out, that Class Member shall be excluded from the Settlement, shall and not receive any benefits of the Settlement, and will not be bound by the terms of this Settlement Agreement.

3.05     The Settlement Administrator shall not be permitted to distribute more than one Benefit Check to co-obligors who are entitled to relief under this Agreement on account of the same Loan, but, in all cases, shall distribute only one Benefit Check jointly to all such Class Members on a Loan. Defendant and the Settlement Administrator shall have no liability to any co-obligor arising from any claim regarding the division of the value of a Benefit Check among co-obligors, regardless of which obligor(s) signs or submits a Claim Form.

3.06     No Class Member whose claim is disputed shall be entitled to receive a Benefit Check during the pendency of the dispute. If the Disputed Claim is ultimately resolved favorably to the Class Member, then the Settlement Administrator shall distribute the Benefit Check to the Class Member within a reasonable time after such resolution.

3.07     Subject to the terms and conditions of this Agreement, within ten (10) business days after the Final Approval Date, Defendant shall remit to Class Counsel the amount of any Attorney Fee Award (as approved by the Court and in no event greater than two million dollars ($2,000,000). Said distribution shall be made jointly to Class Counsel by single wire transfer made payable to "The Trust Account of Bolen Robinson & Ellis." Defendant shall have no liability arising from any claim regarding the division of any Attorney Fee Award distributed hereunder between and among Class Counsel or other lawyers or law firms.

3.08     Subject to the terms and conditions of this Agreement, within ten (10) days after the Final Approval Date, and only in the event the Court has made a Representative Plaintiffs Award to Representative Plaintiffs, Defendant shall pay the amount of any Representative Plaintiffs Award (up to a maximum of four thousand ($4,000.00) dollars) to Representative Plaintiffs. Said distribution shall be made by wire transfer payable to the Representative Plaintiffs jointly, and delivered to Class Counsel, c/o Bolen Robinson & Ellis. Defendant shall have no liability to the Representative Plaintiffs or Class Counsel arising from any claim regarding the delivery or payment of the Representative Plaintiffs Award by Class Counsel to Representative Plaintiffs.

3.09    The Settlement Administrator's and Defendant's respective obligations with respect to the distribution of Benefit Checks, the Settlement Administration Costs, the Attorney Fee Award, if any, and the Representative Plaintiffs Award, if any, shall be performed reasonably and in good faith.  So long as they do, Defendant and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release (as embodied in Paragraphs 4.01 and 4.02 of this Agreement) and any judgment shall be effective as of the Final Approval Date as to the Representative Plaintiffs, Class Counsel, and every Class Member notwithstanding any such error and regardless of whether such error is corrected.

3.10    In the event that a bankruptcy trustee or bankruptcy court orders, requests or demands that the Class Member pay the Claim Consideration to the trustee or to the court, the Class Member shall inform Defendant of the order, request or demand and comply therewith without contesting it, unless Defendant objects.

3.11    The Parties acknowledge and agree that the Agreement is fair, reasonable and adequate for the Settlement Classes.

3.12    All monies that might be paid or payable to any Class Member under this Settlement are not vested, and are not otherwise monies in which the Class Member has an enforceable legal, tangible or intangible interest, but instead such monies shall remain the sole and exclusive property of Defendant unless and until all conditions precedent to payment under this Agreement are met and the monies are paid.  In order to give effect to the Parties' intention, no person, entity, or governmental body shall have any rights to the monies paid hereunder, the Claim Consideration or the Benefit Checks or any portion of such, whether claimed or unclaimed, or in any amounts of uncashed Benefit Check, or in any sums which might have been paid to Class Members had more Class Members filed Valid Claim Forms.  Defendant shall be entitled to all interest on the funds available to pay the Benefit Checks until any such amounts are paid to a Class Member.  The Parties further acknowledge and agree that, to the extent a separate account or fund may be established as part of settlement administration, including but not limited to an account for the payment of Benefit Checks, such accounts or funds are for administrative or legal convenience or requirements only and do not create any vested or ownership interest on the part of the Settlement Class or any Class Member.  Such accounts or funds set up by the Defendant, the Settlement Administrator and/or Counsel for the Defendant shall be treated as property of Defendant.

3.13    The Benefit Checks available to Class Members, as well as Defendant's payment of (a) the Attorney Fee Award, if any, (b) the Representative Plaintiffs Award, if any, (c) the Settlement Administration Costs, and (d) other benefits in this Agreement, shall be the sole benefits in exchange for the Release and consideration for this Settlement.  Notwithstanding any judgment, principle or statute, there shall be no interest accrued, owing or paid on the Claim Consideration, or on the Settlement Amount, or on any other benefit.

3.14    The Settlement Administrator shall provide, upon request, copies of any and all cancelled and/or cashed Benefit Checks to Class Counsel and Counsel for the Defendant.

## IV.  RELEASE

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiffs and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action, the Skutack Dismissed Action, and/or the Frock Dismissed Action; (b) acts, omissions, conduct, statements, written and oral disclosures and representations concerning Missing Payments, application of Missing Payments, credit reporting, late charges, and/or tax treatment of Missing Payments; (c) the claims asserted or that could have been asserted related to the Missing Payments in the Action, the Skutack Dismissed Action and/or the Frock Dismissed Action and/or (d) any violation and/or alleged violation of state and federal law, whether common law or statutory, arising from or relating to the conduct and/or omissions described in Paragraph 4.01(a)-(c) above.

The Released Rights include any right or opportunity to claim, seek, or obtain restitution, disgorgement, injunctive relief, or any other benefit as a member of the general public, under California Business and Professions Code section 17200, *et seq.*, or otherwise. Further, without in any way limiting the foregoing, the Released Rights specifically extend to and include claims that the Releasing Persons do not know or suspect to exist in their favor at the time of the Final Approval. This Paragraph constitutes a release and waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, and any and all similar laws of other states. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Representative Plaintiffs understand and acknowledge, and each Class Member shall be deemed to understand and acknowledge, the significance of these releases and of this waiver of California Civil Code Section 1542 and of any and all similar laws of other states relating to

limitations on releases, including without limitation, limitations on releases of unknown or unliquidated claims. In connection with such releases, waiver, and relinquishment, Representative Plaintiffs acknowledge, and all Class Member shall be deemed to acknowledge, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement and releases, but that it is their intention to release fully, finally, and forever all Released Rights, and in furtherance of such intention, the releases of the Released Rights will be and will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

4.02    Class Counsel, Plaintiffs' Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind relating to attorney's fees, costs and expenses of any and every kind relating to the Action upon payment of the Attorney Fee Award.

## V.    REPRESENTATIONS AND WARRANTIES

5.01    In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. P. 23(e). Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Representative Plaintiffs, the Settlement Class, and Class Counsel represent and acknowledge to Defendant that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of this Agreement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (a) the obligation to oppose Objections, not to solicit or provide material assistance to any person noticed under 28 U.S.C. § 1715 (or that claims entitlement to have been noticed under 28 U.S.C. § 1715), not to solicit or provide material assistance to objectors, and to defend the Agreement and the Settlement before the Court and on appeal, if any; (b) to seek approval of this Agreement and of the Settlement by the Court; (c) to move for the entry of the orders set forth in Paragraphs 2.01 and 2.24; and (d) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by Defendant, subject to Plaintiffs' consent, not to be unreasonably withheld or delayed.

5.02    Representative Plaintiffs and Class Counsel represent and warrant that any Attorney Fee Award they may seek upon application to the Court pursuant to Paragraphs 2.26 and 2.27 above shall include all attorneys' fees and litigation costs that Representative Plaintiffs, Class Counsel, Plaintiffs' Counsel and any of the current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees, and

affiliates of Plaintiffs' Counsel and Class Counsel, seek or may have any right or claim to in connection with the Action.

5.03    Representative Plaintiffs and Class Counsel represent and warrant that, other than "Class Counsel" and "Plaintiffs' Counsel," there are no persons (natural or legal) having any interest in any award of attorneys' fees, expenses or litigation costs in connection with the Action, including any of the current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, and employees of Plaintiffs' Counsel and Class Counsel, and Plaintiffs' Counsel hold BANA harmless as to any such award to persons other than Class Counsel and Plaintiffs' Counsel.

5.04    Class Counsel represent and warrant that they have not been retained by a current client to commence a new lawsuit against BANA asserting claims relating to Missing Payments and/or Defendant's servicing of loans previously serviced by Taylor, Bean & Whitaker. Class Counsel further represent and warrant that they will not seek out or solicit former, current, or future borrowers with mortgage loans serviced by Defendant to pursue individual or class claims against a Released Person with respect to the matters within the scope of the Release, as embodied in Paragraphs 4.01 and 4.02. The Parties understand and agree, however, that nothing in this Agreement shall be construed to preclude Class Counsel from representing or communicating with former, current or future borrowers with mortgage loans serviced by Defendant with respect to claims and potential claims that are not within the scope of the Release, as embodied in Paragraphs 4.01 and 4.02 above.

5.05    Representative Plaintiffs, Class Counsel and Defendant represent and warrant that he, she, or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party, entity, or other person(s) covenants, warrants, and represents that he, she, it, or they are and have been fully authorized to do so by that Party, entity, or other person(s). Representative Plaintiffs, Class Counsel and Defendant represent and warrant that he, she or it intends to be bound fully by the terms of this Agreement.

5.06    Representative Plaintiffs, Class Counsel, and Defendant represent and warrant that they have not, nor will they (a) attempt to void this Agreement in any way (unless provided for under the terms of this Agreement); (b) opt-out of the Settlement under this Agreement; (c) solicit or encourage in any fashion Class Members to opt-out; or (d) solicit or encourage in any fashion any effort by any person (natural or legal) to object to the Settlement under this Agreement.

5.07    Representative Plaintiffs and Class Counsel represent and warrant that they will not use or seek to use the discovery obtained in the Action in any other claim, proceeding, action or litigation against Defendant or any Released Person. Representative Plaintiffs and Class Counsel further represent and warrant that they will not seek to use the fact or content of the Settlement in any other claim, proceeding, action or litigation against Defendant or any Released Person to establish or attempt to establish (a) Defendant's or any Released Person's liability, and/or (b) that class treatment or certification is required or appropriate. Additionally, consistent with the terms of the Protective Order entered in the Action, Representative Plaintiffs and Class Counsel represent and warrant that, within 30 days after the conclusion of the Action, all

originals and reproductions of documents and materials designated "Confidential" and/or "Restricted" under the Protective Order, shall be returned to Counsel for Defendant or be destroyed (unless such document was filed as an exhibit to a pleading in the Action), in which Class Counsel shall certify in writing to Counsel for Defendant that such destruction has taken place.

5.08    Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Defendant represents and acknowledges to Representative Plaintiffs that it will not oppose the Settlement, Preliminary Approval and/or Final Approval, provided Representative Plaintiffs and Class Counsel seek approval of the Settlement in accordance with the terms of this Agreement.

5.09    If any person, legal or natural, breaches the terms of any of the representations and warranties in this section, the Court shall retain jurisdiction over this matter to entertain actions by a Party against such person for breach and/or any Party's request for a remedy for such breach.

## VI.    MISCELLANEOUS PROVISIONS

6.01    Each and every exhibit to this Agreement is incorporated herein by reference as if fully set forth herein.

6.02    This Agreement reflects, among other things, the compromise and settlement of disputed claims and defenses among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any Party or third party or of the validity of any claim.  Defendant denies the allegations in the Action, and contends that its conduct has been lawful and proper.

6.03    This Agreement is entered into only for purposes of settlement.  In the event that Final Approval of this Agreement and this Settlement does not occur for any reason, this Agreement shall become null and void.  In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose.  Any order provisionally certifying a settlement class pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or *collateral estoppel* in this or any other proceeding. In addition, in that event, the status of the Action shall revert to the state it was in prior to settlement, the pleadings shall revert to that date, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification, and the Parties shall have all rights, claims and defenses that they had or were asserting as of the date of this Agreement.

6.04    Nothing shall prevent Representative Plaintiffs or Defendant from appealing any denial by the Court of Final Approval of this Settlement, and the Parties agree that, in the event of such an appeal, the Action will be stayed pending the resolution of any such appeal.  The

Parties agree they will continue to zealously support and advocate for approval of the Settlement on appeal or in post-appeal proceedings, if there is such an appeal, to the same extent as they are bound herein to do so while the case is before the Court.  In the event such an appeal results, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order.

6.05    The Parties agree that all negotiations, statements, proceedings, and other items related to this Agreement are for settlement purposes only, and shall not be offered or be admissible in evidence by or against Defendant or cited or referenced in any other action or proceeding.

6.06    This Agreement shall be terminable at the option of Defendant (a) if more than 3.0% of the Class Members become Successful Opt-Outs; (b) in the event the Court fails to enter the orders contemplated by Paragraphs 2.01 and 2.23, or does so in a form materially different from the forms contemplated by this Agreement; (c) if the Agreement becomes null and void in accordance with Paragraph 5.09; (d) if the Court or any other court permits a person or persons to opt-out as a representative, or otherwise to exercise or preserve the opt-out, or substantive rights, of others; or (e) if the Court fails to approve this Agreement as written and agreed to by the Parties, including but not limited to a failure to approve the Preliminary Approval Order, the Final Approval Order, or the use of a Claim Form.  The Agreement also shall be terminable upon the mutual written agreement of Representative Plaintiffs and Defendant.

6.07    If this Agreement is terminated pursuant to its terms, or if the Final Approval Date does not occur, or if this Agreement is not approved in full, then any and all orders vacated or modified as a result of this Agreement shall be reinstated, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated *nunc pro tunc*.

6.08    Representative Plaintiffs shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in, the Action; and/or the Settlement, or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in, the Action; and/or the Settlement of the Action, excepting only that such statements may be made to individual Class Members in one-on-one communications.  Further, the Parties agree to work cooperatively with regard to communications with potential objectors and agree that this provision does not bar any such communications.

6.09    Representative Plaintiffs, Class Counsel, each of the Releasing Persons and the Counsel Releasing Parties, Defendant and Counsel for the Defendant shall refrain from making any disparaging statements about one another of any kind whatsoever.

6.10    This Agreement is intended to and shall be governed as a contract executed under the laws of the State of Illinois.

6.11    The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Other than as stated herein, the Parties represent and warrant that no representation, promise, or other inducement has been offered or made to induce any party to enter into this Agreement, and that they are competent to execute this Agreement. This Agreement supersedes and replaces all negotiations, agreements, and understandings between and among the Parties, whether written or oral. This Agreement may not be waived, repealed, altered or amended in whole or in part except by an instrument in writing executed by authorized representatives of each and every party hereto. Any modification of the Agreement must be confirmed and executed in writing by all Parties and served upon Counsel for the Defendant and Class Counsel. Any notice of termination of the Agreement, as otherwise provided for in the Agreement, shall be in writing and served upon opposing counsel.

6.12    This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

6.13    This Agreement shall inure to the benefit of the Released Persons and heirs, successors and assigns of each Released Person, and each and every one of the Released Persons shall be deemed to be intended third-party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

6.14    The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

6.15    This Agreement, and the Settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence, or support a contention that (a) Defendant acted illegally, improperly, or in breach of law, contract, ethics, or proper conduct; and/or (b) class certification is required or appropriate.

6.16    This Agreement shall become effective upon its execution by Class Counsel and Counsel for the Defendant. The signature of Counsel for the Defendant as an agent of Defendant shall be for this purpose only, and shall not create any separate duties or obligations on Counsel for the Defendant. The Parties shall thereafter execute this Agreement promptly, and may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument. Plaintiffs and Defendant authorize their respective counsel to execute this Agreement for this purpose.

6.17    Under no circumstances shall the Settlement or Agreement or the Release be deemed to alter, amend, or change the terms and conditions of any mortgage loan as to which any Class Member is or was a party, or to provide a defense to any such Loan, including but not limited to a defense based on the so-called "one action" rule. Class Members acknowledge their continuing obligations with regard to their Loans, and BANA expressly reserves all rights with regard to Loans, including without limitation, the servicing of the Loans in accordance with their

terms and with applicable federal and state law.  Nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case, in any foreclosure proceeding, or in any other action involving a Class Member hereto, nor shall the Settlement Agreement create or be construed as evidence of any violation of law or contract; in the event this Agreement is so construed as to a particular Class Member, it can be declared by Defendant to be null and void as to that Class Member only (and in such latter event, the Release as to that Class Member shall also be void).  Representative Plaintiffs and the Settlement Classes expressly covenant and agree, as a material inducement to Defendant, and recognizing the practical difficulties faced by Defendant in ongoing or future matters, that each of them waive and forever relinquish any rights or entitlement they may possess or come to possess (other than as set forth herein) to have Defendant or the Released Persons amend, alter or revise proofs of claims, rights, demands, suits, or other claims made (or to be made) in order to reflect the benefit of the Benefit Checks provided or to be provided or to reflect the other terms of this Agreement and the Settlement.

6.18    Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.  In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover from the other(s) damages arising from any breach of the Agreement, and his, her or its reasonable attorneys' fees and costs incurred therein.  Further, if a Class Member takes any action or position, after the Final Approval Date, in any lawsuit (including the Action) that causes any Party to seek relief, intervention, or ruling by this Court to enforce, interpret, or protect the Settlement, this Agreement, or any of its orders subsequent hereto (including the Preliminary Approval Order or the Final Approval Order), the Court shall retain jurisdiction over this matter to entertain motions or requests by that Party for an award of damages and attorneys' fees against such Class Member.

6.19    Any communication or notice sent by any Party in connection with this Agreement shall be given by overnight mail as follows:

To Representative Plaintiffs and/or Class Counsel:

Eric D. Holland
HOLLAND GROVES SCHNELLER & STOLZE LLC
300 N. Tucker Blvd., Ste. 801
St. Louis, MO  63101
Phone: 314-244-2008
Email: eholland@hgsslaw.com
Fax: 314-241-5554

To Defendant and/or Counsel for Defendant:

Steven R. Smith
BRYAN CAVE LLP
161 N. Clark Street
Suite 4300
Chicago, IL  60601

Phone: 312-602-5040
Email: srsmith@bryancave.com
Fax: 312-698-7440

6.20    Defendant and Representative Plaintiffs acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent and on the advice of counsel.  The Parties have negotiated and reviewed fully the terms of this Agreement.

6.21    The captions and headings contained herein are meant for reference purposes only and are not meant to provide any substance or interpretive guidance to the provisions either that immediately follow them or that may be anywhere else within the Agreement.

6.22    It is understood that agreed by the Parties that the terms of this Agreement are contractual, not a mere recital, and that this Agreement shall take effect as a sealed instrument.

**IN WITNESS WHEREOF,** the Parties hereto have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**JEANETTE VOUGHT**                          **MARK SKUTACK**

_____             _____
Jeanette Vought                             Mark Skutack

Date: 12\30\11                               Date:_____
_____             _____
            *INDIVIDUALLY AND AS*                       *INDIVIDUALLY AND AS*
         *REPRESENTATIVE PLAINTIFF*                  *REPRESENTATIVE PLAINTIFF*

**DANEEN SKUTACK**                           **ROGER E. FROCK**

_____             _____
Daneen Skutack                              Roger E. Frock

Date:_____                 Date:_____
            *INDIVIDUALLY AND AS*                       *INDIVIDUALLY AND AS*
         *REPRESENTATIVE PLAINTIFF*                  *REPRESENTATIVE PLAINTIFF*

**BANK OF AMERICA, N.A.**

_____
By:

Title: _____

Date:_____

*FOR ITSELF, AND AS SUCCESSOR BY*
*MERGER TO BAC HOME LOANS*
*SERVICING, LP*

**IN WITNESS WHEREOF,** the Parties hereto have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**JEANETTE VOUGHT**

_____
Jeanette Vought

Date:_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

**DANEEN SKUTACK**

_____
Daneen Skutack

Date:_12/29/11_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*


**MARK SKUTACK**

_____
Mark Skutack

Date:_12 - 29-2011_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

**ROGER E. FROCK**

_____
Roger E. Frock

Date:_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*


**BANK OF AMERICA, N.A.**


_____
By:

Title: _____

Date:_____

*FOR ITSELF, AND AS SUCCESSOR BY*
*MERGER TO BAC HOME LOANS*
*SERVICING, LP*

IN WITNESS WHEREOF, the Parties hereto have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

JEANETTE VOUGHT

MARK SKUTACK

_____
Jeanette Vought

_____
Mark Skutack

Date:_____

Date:_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

DANEEN SKUTACK

ROGER E. FROCK

_____
Daneen Skutack

_____
Roger E. Frock

Date:_____

Date:_____

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

*INDIVIDUALLY AND AS*
*REPRESENTATIVE PLAINTIFF*

BANK OF AMERICA, N.A.

_____
Lee Wardlow

Title:  Senior Vice President

Date:_____

*FOR ITSELF, AND AS SUCCESSOR BY*
*MERGER TO BAC HOME LOANS*
*SERVICING, LP*

382738                                    28

Approved As To Form:


**HOLLAND, GROVES, SCHNELLER, &**
**STOLZE, LLC**

Eric D. Holland

Date: 12/23/11

*ATTORNEYS FOR PLAINTIFFS*

**THE BRAUN LAW GROUP, P.C.**


Michael D. Braun

Date:

*ATTORNEYS FOR PLAINTIFFS*

**SHEPHERD, FINKLEMAN, MILLER &**
**SHAH, LLP**


James C. Shah

Date:

*ATTORNEYS FOR PLAINTIFFS*

**BOLEN, ROBINSON & ELLIS, LLP**


Jon D. Robinson

Date:

*ATTORNEYS FOR PLAINTIFFS*

**DONOVAN SEARLES, LLC**


Michael D. Donovan

Date:

*ATTORNEYS FOR PLAINTIFFS*

**LAW OFFICES OF ANDREW**
**KIERSTEAD**


Andrew S. Kierstead

Date:

*ATTORNEYS FOR PLAINTIFFS*

Approved As To Form:


HOLLAND, GROVES, SCHNELLER, &
STOLZE, LLC

_____
Eric D. Holland

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.


_____
Michael D. Braun

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER &
SHAH, LLP


_____
James C. Shah

Date:_____

*ATTORNEYS FOR PLAINTIFFS*


BOLEN, ROBINSON & ELLIS, LLP

_____
Jon D. Robinson

Date: _/2/23/11_____

*ATTORNEYS FOR PLAINTIFFS*

DONOVAN SEARLES, LLC


_____
Michael D. Donovan

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

LAW OFFICES OF ANDREW
KIERSTEAD


_____
Andrew S. Kierstead

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

Approved As To Form:

HOLLAND, GROVES, SCHNELLER, &
STOLZE, LLC

_____
Eric D. Holland

Date:_____
    *ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.

_____
Michael D. Braun

Date:_____12. - 2̶3̶ - 11_____
*ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER &
SHAH, LLP

_____
James C. Shah

Date:_____
*ATTORNEYS FOR PLAINTIFFS*

BOLEN, ROBINSON & ELLIS, LLP

_____
Jon D. Robinson

Date:_____
    *ATTORNEYS FOR PLAINTIFFS*

DONOVAN SEARLES, LLC

_____
Michael D. Donovan

Date:_____
*ATTORNEYS FOR PLAINTIFFS*

LAW OFFICES OF ANDREW
KIERSTEAD

_____
Andrew S. Kierstead

Date:_____
*ATTORNEYS FOR PLAINTIFFS*

382738

29

Approved As To Form:

HOLLAND, GROVES, SCHNELLER, &amp;          BOLEN, ROBINSON &amp; ELLIS, LLP
STOLZE, LLC

_____          _____
Eric D. Holland                           Jon D. Robinson

Date:_____           Date:_____
*ATTORNEYS FOR PLAINTIFFS*                    *ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.                 DONOVAN SEARLES, LLC

_____          _____
Michael D. Braun                          Michael D. Donovan

Date:_____           Date: *Dec, 23, 2011*
*ATTORNEYS FOR PLAINTIFFS*                *ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER &amp;        LAW OFFICES OF ANDREW
SHAH, LLP                                 KIERSTEAD

_____          _____
James C. Shah                             Andrew S. Kierstead

Date:_____           Date:_____
*ATTORNEYS FOR PLAINTIFFS*                *ATTORNEYS FOR PLAINTIFFS*

Approved As To Form:

HOLLAND, GROVES, SCHNELLER, &
STOLZE, LLC

BOLEN, ROBINSON & ELLIS, LLP

_____

_____

Eric D. Holland

Jon D. Robinson

Date:_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.

DONOVAN SEARLES, LLC

_____

_____

Michael D. Braun

Michael D. Donovan

Date:_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER &
SHAH, LLP

LAW OFFICES OF ANDREW
KIERSTEAD

_____

_____

James C. Shah

Andrew S. Kierstead

Date:_____12/23/11_____

Date:_____

*ATTORNEYS FOR PLAINTIFFS*

*ATTORNEYS FOR PLAINTIFFS*

Approved As To Form:


HOLLAND, GROVES, SCHNELLER, &          BOLEN, ROBINSON & ELLIS, LLP
STOLZE, LLC


_____        _____
Eric D. Holland                        Jon D. Robinson

Date:_____        Date:_____
    *ATTORNEYS FOR PLAINTIFFS*              *ATTORNEYS FOR PLAINTIFFS*

THE BRAUN LAW GROUP, P.C.               DONOVAN SEARLES, LLC


_____        _____
Michael D. Braun                       Michael D. Donovan

Date:_____        Date:_____
*ATTORNEYS FOR PLAINTIFFS*              *ATTORNEYS FOR PLAINTIFFS*

SHEPHERD, FINKLEMAN, MILLER &           LAW OFFICES OF ANDREW
SHAH, LLP                              KIERSTEAD

                                       _____
_____        Andrew S. Kierstead
James C. Shah
                                       Date: 12-23-11
Date:_____
*ATTORNEYS FOR PLAINTIFFS*              *ATTORNEYS FOR PLAINTIFFS*

**BRYAN CAVE LLP**

Date: 12 · 27 · 11

*ATTORNEYS FOR BANK OF AMERICA, N.A.*