UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **JEANETTE VOUGHT, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No. 10-CV-2052 |
| v. ) | |
| ) | |
| **BANK OF AMERICA, N.A., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**OPINION**

This case is before the court on Amicus Curiae Paula Randall's Motion for Attorney's Fees (#134) and Motion for Leave to File Reply (#137); and Objector Chris Risener's Motion for Attorney's Fees (#136). This court has reviewed all the relevant briefs and memoranda filed (#134, #136, #137, #138, #139, #140, #141, #142, and #143). Following this careful review, Amicus Curiae Paula Randall's Motion for Attorney's Fees (#134) is DENIED and Motion for Leave to File Reply (#137) is GRANTED; and Objector Chris Risener's Motion for Attorney's Fees (#136) is DENIED.

**Background**

On March 5, 2010, Plaintiffs filed their Complaint against Defendants. (#1). Following a well-fought litigation during which a class was certified and a first proposed settlement denied by this court (#120), the parties filed a second proposed joint motion for settlement approval, which this court granted on January 23, 2013 (#135). Among other class members, Paula J.

Randall ("Randall"), represented by Attorney Emil Lippe, and Chris D. Risener ("Risener"), represented by Attorney Gregg Renegar, opted out of the proposed settlement agreement. Randall opted out on May 10, 2012, (#138 exh. 2) but subsequently filed an amicus curiae objection with leave of this court (#96). Risener also filed an objection (#91) and subsequently opted out as well (Minute Entry of December 12, 2012).

One day before this court entered its final judgment approving the settlement, Randall filed her Motion for Attorney's Fees, with responses due by February 8, 2013. (#134). Due to a clerical error, when this court entered its final judgment, the deadline for Randall's Motion was improperly terminated as well. On February 22, 2013, this court, seeing no responses filed, entered a text order directing Class Counsel and Defendants to file briefs indicating their positions on the Motion for Attorney's Fees. On February 28, 2013, Risener also filed a motion for leave to file a motion for attorney's fees out of time. (#136). On the same day, Plaintiffs filed their Response to Risener's motion. (#137). On March 7, 2013, Defendant Bank of America filed its Response to Randall's motion for attorney's fees. (#138). On March 11, 2013, Defendant Bank of America filed its Response to Risener's motion for attorney's fees. (#139). On March 14, 2013, Class Counsel filed their Response to Randall's motion for attorney's fees. (#140). On March 20, 2013, Randall filed a motion for leave to reply to the responses. (#141). On March 22, 2013, Class Counsel filed their Response to Randall's motion for leave to file a reply. (#142). On March 25, 2013, Defendants filed their Response to that motion. (#143).

## Analysis

### I. Randall's Motion

Randall argues that she is entitled to attorney's fees in the range of $43,753.17 to

$175,012.68, whether under the "percentage of fund" method or the "lodestar" method. She cites a number of cases that essentially hold that objectors may be entitled to compensation when their "work produces a beneficial result for the class." Fed. R. Civ. P. 23(h), Committee Notes on Rules, 2003 Amendment; *e.g.*, *Gottlieb v. Barry*, 43 F.3d 474, 490-491 (10th Cir. 1994). Randall requests that this compensation to be paid either from the distribution made to the class members, or from the fund set aside for attorney's fees for class counsel.

Defendants respond, and Plaintiffs join in that response, that because Randall opted out (rather than object while remaining a class member), she is not entitled to attorney's fees. Defendants argue that class members may object to a proposed settlement, Fed. R. Civ. P. 23(e)(5), but that the Class Notice in this case does not permit members who opt out to object. (#138 exh. 1, p. 1) ("You must remain a member of the lawsuit (*i.e.*, you cannot ask to be excluded) in order to object to the Settlement."). This holding is also supported by case law. *In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456, 457 (7th Cir. 1997) ("Having opted out of the class action, they were no longer members of the class and so in no sense were parties.")

Defendant further argues that Randall's status as *amicus curiae* also does not entitle her to attorney's fees. In the Fifth Circuit, two conditions must be met for a court to charge the legal fees of *amici* to a party for services rendered: "first, the court must *appoint* an amicus curiae who renders services which prove beneficial to a solution of the questions presented" and "[s]econd, the court may then direct the fee to be paid by the party responsible for the situation that prompted the court to make the appointment." *Morales v. Turman*, 820 F.2d 728, 731 (5th Cir. 1987) (internal citations and editing marks omitted; emphasis in original). The D.C. Circuit and the Ninth Circuit take a similar approach. *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d

835, 853 (D.C. Cir. 1981) ("The traditional rule regarding compensation of an amicus curiae is that where the court appoints an amicus curiae who renders services which prove beneficial to a solution of the questions presented, the court may properly award him compensation and direct it to be paid by the party responsible for the situation that prompted the court to make the appointment.") (internal quotation marks omitted); *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 205 (9th Cir. 1982) ("These amici performed a valuable service for the court. Admirably fulfilling the role of amicus does not, however, entitle them to compensation."). No similar case law could be found in the Seventh Circuit. As Defendants argue, not only did this court not appoint or request Randall's participation as an *amicus*, Randall specifically filed a motion for leave to file her objection as amicus curiae. (#93).

Finally, Defendants argue that the same Federal Rule that Randall cites subsequently notes that "[t]his subdivision does not undertake to create new grounds for an award of attorney fee…. Instead, it applies when such awards are authorized by law or by agreement of the parties." Fed. R. Civ. P. 23(h), Committee Notes on Rules, 2003 Amendment.

Although no reply is permitted according to Local Rule 7.1(B)(3), in the interest of completeness, this court grants Randall's Motion for Leave to File Reply. (#141). In her Reply, Randall argues that the Second Circuit affirmed a decision from the Southern District of New York granting attorney's fees to an *amicus*. *Russell v. Bd. of Plumbing Examiners of Cnty. of Westchester*, 74 F. Supp. 2d 349, 352 (S.D.N.Y. 1999) *aff'd,* 1 F. App'x 38 (2d Cir. 2001). Randall does admit that there is no Seventh Circuit precedent. Class Counsel's surreply (or, more precisely, response to Randall's motion to file a reply) argues that that the amicus in *Russell* was a trade organization, and that the compensation of amicus (rather than intervenors) "is appropriate when the party cares only about the legal principles of the case, and has no

personal, legally protectable interest in the outcome of the litigation." *Russell*, 74 F. Supp. 2d at 351. That characteristic is not present in this case. Randall was, at one point, a class member; further, as Class Counsel points out, Randall opted out specifically to preserve her standing in her individual case in the Eastern District of Texas, 11-CV-00182, rather than intervene in the present case. Further, as Defendants point out, *Russell* was neither a class action, nor had the litigation reached a stage where there would be a meaningful distinction between the trade organization's status as an *amicus* (which would make it ineligible for attorney's fees) versus as an intervenor (which would afford it eligibility for attorney's fees as a party). This court agrees with Class Counsel and Defendants. After opting out, Randall is no longer a party entitled to attorney's fees. Randall's Motion for Attorney's Fees (#134) is DENIED.

**II. Risener's Motion**

Risener filed a motion seeking time to file an untimely motion for attorney's fees. Local Rule 54.1(A) provides that "[i]n all civil cases, requests for attorneys fees must be filed no later than 14 days after entry of judgment." Local Rule 6.1 states "Any party seeking an extension of time for any reason must file a motion for such extension before the original deadline. Motions filed out of time will be denied, unless the presiding judge determines that such denial would create a substantial injustice." As Risener opted out of class membership on December 19, 2012, he is in the same position as Randall—nonparties who are not entitled to attorney's fees. Thus, even if this court were to grant his motion to file *instanter*, he would not be able to prevail on the underlying motion. Accordingly, his Motion is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Randall's Motion for Attorney's Fees (#134) is DENIED.

(2) Risener's Motion for Attorney Fees Out of Time (#136) is DENIED.

(3) Randall's Motion for Leave to File Reply (#141) is GRANTED.

(4) This case remains terminated.

ENTERED this 2nd day of July, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE